301 So.2d 792 (1974)
4715 REALTY CORPORATION, a Florida Corporation, Appellant,
v.
CENTRAL BANK AND TRUST COMPANY, Appellee.
No. 74-199.
District Court of Appeal of Florida, Third District.
October 1, 1974.
Rehearing Denied November 5, 1974.
Abraham H. Shukat, Miami Beach, for appellant.
Pallot, Poppell, Goodman & Slotnick, Miami, and Arvin Peltz, for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of a summary judgment entered in favor of defendant-appellee.
Plaintiff-appellant, 4715 Realty Corporation, was a customer of the defendant, Central Bank and Trust Company, and maintained a commercial account with the bank. Appellant corporation in July 1970 requested the defendant-appellee to issue a *793 letter of credit to Metropolitan Dade County. The bank agreed provided that plaintiff would deposit $1,000 to secure the defendant for any liability it might incur thereunder. In compliance therewith, plaintiff-appellant drew a check for the sum of $1,000 on its commercial account with the defendant bank to the order of Nathan Rosenblum who in turn opened a savings account with the defendant with the check and then delivered the passbook to the bank as collateral security for the letter of credit. The bank issued its collateral receipt for the passbook and issued its letter of credit. Nathan Rosenblum also executed an assignment of the passbook to the bank. After the letter of credit expired and was returned to the defendant bank, plaintiff requested the return of its collateral. Defendant refused because it claimed a set-off by virtue of a prior judgment against Nathan Rosenblum. Thereafter, plaintiff filed the instant suit. Both parties moved for summary judgment which was granted in favor of the defendant. Plaintiff appeals therefrom. We reverse.
If a bank actually knows that funds deposited in an account belong to a third person or if it has knowledge of sufficient facts to charge it with notice, it may not seize and retain the funds in order to offset the debt of its depositor. 4 Fla.Jur. Banks and Trust Companies § 187 (1969). Reviewing the record in the case sub judice in the light most favorable to the plaintiff against whom the summary judgment was entered, we conclude that there exists a genuine issue as to whether the defendant bank actually knew or had sufficient knowledge to be charged with notice that the funds deposited by and in the name of Nathan Rosenblum belonged to the plaintiff corporation.
Accordingly, the judgment herein appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.
BARKDULL, Chief Judge (dissenting).
I respectfully dissent. The bank did not direct that the account be opened in the individual's name. The $1,000.00 could have been posted with the bank under the corporate name. The account, as actually opened in the name of the individual, who was the judgment debtor of the bank, was an unrestricted account and I would sustain the action of the trial judge. Bank of West Orange v. Associates Discount Corporation, Fla.App. 1967, 197 So.2d 858; Ribaudo v. Citizens National Bank of Orlando, 5th Cir.1958, 261 F.2d 929; McKee v. Hood, 5th Cir.1963, 312 F.2d 394; 4 Fla. Jur., Banks and Trust Companies, § 187.