McNULTY, Chief Judge..
Appellant, T. K. Builders, Inc., appeals from an adverse summary judgment. We reverse.
The facts established by or inferred from depositions filed on behalf of appellant, which must be taken as true in the present posture of the case, are these. On October 24, 1973, D. D. Taylor and Clarence Kelly opened an account with appellee bank in the name of T. K. Builders. Prior thereto Taylor had talked with the bank president telling him the account would be a corporate and not a personal account. The account was given the number of 008796 which denotes a commercial account (the first two zeros being the bank’s symbol indicating commercial). Additionally, a box on the face of the signature card was checked which indicated the account was a “special” account, i. e., “INDIVIDUAL OR FIRM,” rather than a “regular” account. Finally, though appellant was only a de facto corporation on or about that time, it became de jure on November 19, 1973.
On December 20, 1973, $4,063.07 was debited against that account by the bank and set-off against a personal loan owed by Taylor to the bank. Upon notification thereof, Kelly deposited an additional $17,500 in the account upon reassurance by the bank employees that there would be no further such charge made on the firm account. Notwithstanding, on Febrary 12, 1974, the bank again debited the account for an additional $5,181.37 and applied it to another personal debt owed by Taylor to the bank. This suit followed to recover all monies set-off. The court ultimately entered the summary judgment appealed from herein finding solely that:
“[Pjlaintiff [T. K. Builders, Inc.] did not adopt a corporate resolution establishing the bank account in question as a corporate account until February 20, 1974, and that prior to that date the account in question was carried in the names of the principals of T. K. Builders, Inc., namely, D. D. Taylor and Clarence Kelly, without qualification on the signature card signed by them that withdrawals be honored only upon the signature of both individuals. It further affirmatively appears from the deposition of D. D. Taylor that checks were drawn and paid over only one signature, that is, of Taylor or Kelly so that Taylor and Kelly recognized and acted upon the single signature procedure.”
Even if these findings are correct, there nevertheless still appears to exist a genuine material issue of fact as to whether the account was indeed a corporate account all along, whether the bank knew or should have known it if it were and, additionally, the correlative issue of whether Taylor and *41 Kelly were merely signatories authorized by the corporation to draw on that account.
Appellant further points out, and the fact is supported in a deposition herein, that the funds deposited in the account were “construction draws,” which, it says, are really “monies of a third party.” It contends the bank knew or should have known such fact and that, consequently, it was not legally empowered to apply or set-off those funds against Taylor’s obligations. They cite 4715 Realty Corporation v. Central Bank & Trust Company [1] as authority for this contention. It is not necessary to decide now the validity of the contention that “construction draws” are actually monies of “third parties” within the contemplation of 4715 Realty, supra. But if it be a valid one there obviously are existing material issues of fact relating at least to scienter on the part of the bank which should also be determined at trial.
Finally appellant contends that even if the bank’s contention is correct, that is to say that the account was in the name of the individuals involved, the bank knew or should have known that they were “partners” in the building business and that therefore the bank’s actions were wrong because a joint partnership account cannot be debited to pay an individual debt of one of the depositors. The bank counters by arguing that while this may be the ordinary rule, it may nevertheless be altered by contract; and the signature card herein contains the following provision:
“This bank is authorized to apply this account . . . toward the payment of any indebtedness due this bank from the depositor or depositors, or either of them, whether the debt is several and this account is joint, or debt is joint and the account is several.”
Assuming the bank’s legal position to be correct on this point, there is still a patent material issue of fact, inherent in the main issue herein, as to whether the account is indeed a joint or several individual account or is solely a corporate account.
It appearing, therefore, that the summary judgment was improper herein, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN and SCHEB, TT., concur.

. (Fla.App.3d, 1974), 301 So.2d 792.