559 So.2d 307 (1990)
Venceslao NARDI, et al., Appellants,
v.
CONTINENTAL NATIONAL BANK, Appellee.
No. 88-2203.
District Court of Appeal of Florida, Third District.
April 3, 1990.
*308 Howard M. Neu, North Miami, for appellants.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Hilarie Bass, and Alden E. Burlington, Miami, for appellee.
Before HUBBART, FERGUSON and COPE, JJ.
PER CURIAM.
Venceslao Nardi and several closely held corporations owned by him appeal an adverse summary judgment. We reverse.
Venceslao Nardi is a citizen of Venezuela. He is the principal owner and president of the appellant closely held corporations,[1] each of which owns an income-producing property in Dade County, Florida.
The appellant landlords hired Geovest Property Management, Inc. to act as their property management agent. Geovest was authorized to lease the properties to tenants, and to receive and account for all rents. To carry out these responsibilities, Geovest opened various bank accounts at appellee Continental National Bank of Miami. Only Geovest was an authorized signatory on the accounts. The account at issue here was entitled "N Security Escrow Account," which was used to hold tenants' security deposits from the various properties.
Apart from the bank accounts opened on behalf of the landlords, Geovest also maintained its own banking relationship with Continental. Over a period of time Geovest borrowed approximately $60,000 from the bank. The loans were used for Geovest's own purposes, entirely unrelated to its property management services for appellants.
The present controversy arose when Continental called its loans to Geovest. Continental then set off the balance of the N Security Escrow Account, amounting to $63,286.56, in order to satisfy Geovest's indebtedness. Appellants brought suit against Continental for wrongful setoff, alleging that they had been required to use their own funds to reimburse the tenants for the security deposits wrongfully taken by Continental. The second amended complaint set forth claims for conversion, breach of fiduciary duty, breach of contract, and civil theft.[2]
Continental moved for summary judgment. While conceding for purposes of the motion that its set-off of the N Security Escrow Account was wrongful, Continental argued that the appellants lacked standing to assert any claims for conversion because the security deposits were not the appellants' funds. Continental also argued that there was no contractual privity between appellants and Continental which would support the breach of contract claim, and that no relationship existed between appellants and the bank which would support a claim for breach of fiduciary duty. The trial court entered summary judgment for the bank and denied the motion for rehearing.[3] In so ruling the trial court erred.
*309 It is well settled that "[i]f a bank actually knows that funds deposited in an account belong to a third person or if it has knowledge of sufficient facts to charge it with notice, it may not seize and retain the funds in order to offset the debt of its depositor." 4715 Realty Corp. v. Central Bank & Trust Co., 301 So.2d 792, 793 (Fla. 3d DCA 1974) (emphasis added; citation omitted). Here the account name "N Security Escrow Account" put the bank on such notice, at least to the point of requiring the bank to make inquiry to determine whether or not the funds were, as the word "escrow" so clearly indicates, funds held for the benefit of third persons. The question is not whether an action for wrongful setoff may be maintained, but rather by whom it may be maintained.
The relationship between appellants and Geovest was that of principal and agent. When Geovest opened the N Security Escrow Account, Geovest became the sole signatory and did not disclose appellants' identities to the bank. With respect to the bank, therefore, Geovest was an agent for undisclosed principals  the appellants  and all activity in the account was conducted by Geovest in its representative capacity. Such claims as may have accrued to Geovest in that capacity were in reality for the benefit of Geovest's principals, the appellants.
After the setoff occurred, appellants terminated Geovest's contract, thus ending the agency relationship. At that point Geovest no longer had authority to act for appellants, and had no authority to assert claims against the bank with respect to the N Security Escrow Account. That is so because Geovest's claims against the bank with respect to that account were held purely in a representative capacity and were not personal to Geovest.
The law in Florida is settled that "an agent can act for an undisclosed principal who, in turn, can sue to enforce the benefits of the contract, Western Union Telegraph Co. v. Redding, 100 Fla. 495, 129 So. 743 (1930)... ." Oceanus Mut. Underwriting Ass'n (Bermuda) Ltd. v. Fuentes, 456 So.2d 1230, 1232-33 (Fla. 3d DCA 1984), review denied, 466 So.2d 217 (Fla. 1985); see also Restatement (Second) of Agency § 302 (1958). Here, the principals are entitled to step into the agent's position as against the bank. They may maintain the action for breach of contract as well as the related claims for breach of fiduciary duty, conversion and civil theft. See id.; Restatement (Second) of Agency § 316(1) ("A person who, not being privileged to do so, intentionally interferes with the performance of the principal's business by the agent is subject to liability to the principal for the harm thereby caused to him."); Dryden Waterproofing, Inc. v. Bogard, 488 So.2d 672, 673 n. 1 (Fla. 4th DCA 1986) ("`where a fraud is worked upon an agent by a third person, either by misrepresentation or by silence, the fraud is considered as worked upon the principal, and the latter has a right of action against the third person for redress.'") (citation omitted).[4]
The summary judgment is reversed and the case remanded for further proceedings.[5]
NOTES
[1] Kiet Investment, Inc., Kigi Investment, Inc., Kinva Investment, Inc., Kive Investment, Inc., Kitu Investment, Inc., Kala Investment, Inc., Kaora Investment, Inc., and Kutur, S.A.
[2] Appellants also sued Geovest, alleging breaches of the property management agreement. Those claims are not at issue here.
[3] We treat appellants' "motion to set aside final summary judgment" as a timely motion for rehearing. Appellants have filed their notice of appeal from the order denying the motion for rehearing. Since the motion for rehearing was effective to suspend rendition of the final judgment, see Fla.R.App.P. 9.020(g), we treat the notice as a notice of appeal from the final judgment. See Fla.R.App.P. 9.130(a)(4).
[4] We also note, and reject, the bank's argument that security deposits were solely funds of the tenants. By virtue of the lease agreements, the landlords  not the tenants  were entitled to present possession of the funds (a) so they could fulfill their obligation to return the funds at the end of the lease term, and (b) so they could retain whatever part of the security deposits they may have been entitled to under the leases. See generally § 83.49, Fla. Stat. (1987). It was a matter of the landlords' discretion to hire an agent, Geovest, to hold the funds. See id. § 83.49(1). The landlords' interest in the security deposits was sufficient to confer standing.

It is true that the tenants had beneficial ownership interests in the same security deposits, and the bank concedes that the tenants would have had standing to bring an action for wrongful setoff. The fact that the tenants may also have had standing does not deprive the appellant landlords of standing.
Finally, even if it were true that only the tenants had standing, it is undisputed that appellants used their own funds to reimburse the tenants, and were thereby equitably subrogated to the claims of the tenants.
[5] The bank has abandoned here its alternative contention that standing is precluded by section 658.61, Florida Statutes (1987). That statute deals with the distinct situation presented when a stranger to the account attempts to direct the bank to stop all transactions in the account. The statute prescribes the procedures for accomplishing that result. The statute is entirely inapplicable to the setoff situation presented here, and does not undercut the principles announced in 4715 Realty Corporation v. Central Bank & Trust Co., 301 So.2d at 793.