704 So.2d 208 (1998)
Melvin OLSON, Appellant,
v.
Pam OLSON, Appellee.
No. 96-3274.
District Court of Appeal of Florida, Fifth District.
January 12, 1998.
*209 Roger B. Butcher and Gus R. Benitez of Benitez & Butcher, P.A., Orlando, for Appellant.
No Appearance for Appellee.

ON MOTION FOR REHEARING
ANTOON, Judge.
Upon further review of the appellant's motion for rehearing, we withdraw our opinion filed November 14, 1997, and issue this opinion in its stead.
Melvin Olson (husband) appeals the final judgment dissolving his marriage to Pam Olson (wife). Because we are unable to determine that the final judgment was based either on evidence presented to the trial court or a stipulation entered into by the parties, we are constrained to vacate the dissolution judgment and remand for further proceedings.[1] On March 6,1996, immediately prior to the trial, the parties appeared before the trial court and advised the court that all matters had been resolved except the issue of whether the husband's obligation to pay child support would abate during his summer visitation with the parties' children. The trial court deferred ruling in order to allow the parties additional time to resolve the issue of child support abatement. Unfortunately, a transcript of this proceeding is not contained in the record. As a result, it is unclear to us what the parties' stipulated agreement entailed.
The husband filed a "Motion to Reset for Trial" on July 29, 1996. The motion stated that, although the parties had earlier settled all issues except child support, the parties had later been "unable to agree on terms of the settlement which were announced" to the trial court; therefore, no final settlement agreement had been reached. The motion requested that the husband be granted leave to file amended pleadings and that the matter be reset for trial. No ruling on this motion is contained in the record.
On August 19, 1996, the trial court entered a final dissolution judgment dissolving the parties' marriage, nunc pro tunc to March 6, 1996. The dissolution judgment adjudicated the issues of child support, child custody and visitation, equitable distribution, and attorneys' fees. The husband filed a motion which was styled as a "Motion to Set Aside Final Judgment" on August 26,1996, alleging that the trial court's dissolution judgment had been prepared by the wife's counsel and had been delivered to the trial court without notice to the husband. The husband's motion requested that the court set aside the dissolution judgment and either reset the case for trial or order other such relief. On October 16, 1996, the trial court denied the motion. Thereafter, on November 13, 1996, the husband filed a notice of appeal seeking review of the August 19, 1996 final dissolution judgment and the October 16,1996 order denying his "Motion to Set Aside Final Judgment."
*210 In unraveling the procedural irregularities presented by this appeal we first recognized that the husband's "Motion to Set Aside Final Judgment," if considered to be a motion filed pursuant to rule 1.540, Florida Rules of Civil Procedure, would not suspend the rendition of the final dissolution judgment thereby tolling the time for filing a notice of appeal. See Hatton v. Barnett Bank of Palm Beach County, 550 So.2d 65, 66 (Fla. 2d DCA 1989). Consequently, the husband's November 13, 1996 notice of appeal would have been untimely as to the dissolution judgment because it was not filed within thirty days of the date the dissolution judgment was entered.
However, according to the relief sought in the motion and the manner in which the trial court ruled on the motion, it is apparent that the husband's motion was intended to operate as a motion for rehearing in accordance with rule 1.530 of the Florida Rules of Civil Procedure. See Fla.R.Civ.P. 1.110(a)(technical forms for seeking relief are abolished and therefore courts must consider the substance rather than the form of the husband's motion). In this regard, the substance of the husband's motion alleges that the trial court entered a dissolution judgment without conducting a hearing and that the husband had not consented to the terms of the judgment as it related to child support payments. Importantly, neither the motion nor the trial court's order denying the motion address any of the grounds which authorize relief from a final judgment pursuant to Florida Rule of Civil Procedure 1.540(b).[2] Rather, the relief sought in the motion is the type of relief authorized by rule 1.530(a). See Fla.R.Civ.P. 1.530(a)(on a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment). Moreover, the husband's motion was properly filed within ten days of the rendition of the final judgment as required by rule 1.530. See Kirby v. Speight, 217 So.2d 871 (Fla. 1st DCA 1969). Cf. Catsicas v. Catsicas, 669 So.2d 1126, 1127 (Fla. 4th DCA 1996). Accordingly, since the husband's "Motion to Set Aside Final Judgment" was a motion for rehearing and the motion was timely filed, rendition of the final judgment was suspended and the time for filing a notice of appeal was tolled. See Fla. R.App.P. 9.020(h). When the trial court later denied the husband's motion on October 16, 1996, the husband timely filed his notice of appeal within 30 days thereafter in accordance with rule 9.110(b) of the Florida Rules of Appellate Procedure. Thus, this court possesses jurisdiction to review the propriety of the dissolution judgment.
Next, in addressing the merits of this appeal, we are unable to determine whether the parties ever actually reached an agreement concerning the issues pertaining to child support since the instant record fails to contain any documentation in this regard. Ordinarily, a stipulation resolving the issues in a dissolution case is reduced to writing, presented to the trial court, and then entered into the record. When this practice is followed, it is clear that the parties have had the opportunity to review the terms of the stipulation before the agreement is submitted to the trial court for approval. Of course, the ideal situation is not always achievable. For example, agreements are often reached as the parties are about to enter the courtroom to commence a nonjury trial. However, in such cases, a court reporter is usually available to report the terms of the agreement, and the trial court is given the opportunity to question the parties on the record *211 as to whether they are willing to be bound by the terms of the agreement. Unfortunately, in the instant case, none of these measures was taken. As a result, there is no record proof that the parties had executed a stipulated agreement which was intended to be incorporated into a final dissolution judgment.
Interestingly, in the order denying the husband's "Motion to Set Aside Final Judgment", the trial court states:
1. That at the time of trial in this cause, to wit: March 6, 1996, the parties announced that all matters had been resolved except for the amount of child support due.
2. That although the parties stated the terms of their settlement at the time of trial, they were not reduced to writing, nor were they taken down by court reporter.
3. Subsequent to the trial on March 6, 1996 on the issue of the amount of child support, the parties were unable to agree upon the terms of their settlement.
* * * * * *
8. That the primary dispute of the parties, as it related to their settlement, was whether or not the Husband would be granted an abatement of child support for the five week period during the summer when he had primary residential responsibility of the minor children, it being the position of the Husband that the Wife had agreed to such abatement and it being the position of the Wife that she had not agreed to such abatement.
9. That the Court finds that had the matter of abatement of child support during summer visitation been submitted for litigation, the Husband could not have been granted this relief.
Thus, the trial court's order indicates that the court had not resolved the dispute between the parties based on the terms of a stipulation or the record evidence. Instead, the trial court ruled that the matter was ripe for adjudication and that in the court's view the husband would have lost on the disputed issue of child support abatement had that issue been submitted to litigation.
Since the instant record fails to contain any evidence to support the rulings set forth in the final dissolution judgment, we must vacate the order and remand for further proceedings. In closing, we note that experienced trial judges are often able to predict how dissolution cases will be resolved based solely on the information in the court file. This is especially true with regard to setting child support since support is generally determined by applying the statutory guidelines from which the court has little discretion to deviate. However, all dissolution orders must be based upon facts which are contained in the record by way of stipulation or trial evidence. See Loss v. Loss, 608 So.2d 39 (Fla. 4th DCA 1992).
ORDER VACATED and CAUSE REMANDED for further proceedings.
W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] The instant appeal involves a lawsuit which was fraught with procedural irregularities; therefore, it is important to point out that the husband's appellate counsel did not represent the husband in the proceedings before the trial court. Furthermore, the husband initially filed his notice of appeal pro se, but then after the instant appeal had been pending for more than two months, husband's appellate counsel filed a notice of appearance.
[2] RULE 1.540 RELIEF FROM JUDGMENT, DECREES OR ORDERS

* * * * * *
(b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.