ON APPELLEE’S MOTION TO DISMISS

GERSTEN, Judge.
Appellee, Sunbeam Television Corporation (“Sunbeam”), moves this court to dismiss this appeal as untimely. We deny the motion to dismiss, declining the appel-lee’s invitation to elevate form over substance.
The trial court entered an order granting final summary judgment in Sunbeam’s favor on November 7, 1997. Ten days later, appellant, Magnum Towing, Inc. (“Magnum”) served a motion for reconsideration. The substance of this motion requested that the trial court correct certain errors in the order granting summary judgment. The trial court denied this motion on November 25,1997. On December 12, Magnum filed a notice of appeal from the denial of the motion to reconsider.
Sunbeam now seeks to dismiss the appeal claiming the motion entitled for “reconsideration” did not toll rendition of the final order, thereby making the notice of appeal, filed more than thirty days from the final order, untimely. We disagree. Even though Magnum mislabeled the motion for review, clearly the relief sought was from a final order and thus the motion was in substance a proper motion for rehearing. See Rebholz v. Floyd, 327 So.2d 806 (Fla. 2d DCA 1976)(timely filed petition for reconsideration, being in effect a petition for rehearing, stays the appeal time); Henry P. Trawick, Jr., Florida Practice and Procedure § 15-4, at 251 (1997)(rehearing is the reconsideration of a final judgment). Accordingly, the motion for rehearing effectively suspended rendition of judgment and the notice of appeal was timely filed. See Nardi v. Continental Nat’l Bank, 559 So.2d 307 (Fla. 3d DCA 1990)(timely motion to set aside final summary judgment treated as a motion for rehearing, effectively suspending rendition of final judgment); Bettez v. City of Miami 510 So.2d 1242 (Fla. 3d DCA 1987)(mo-tion, which was in substance a motion for reconsideration, treated as such despite being mislabeled as a motion for rehearing).
Motion to dismiss denied.