SHAHOOD, J.
This is an appeal from an order granting partial summary judgmént to appellee, plaintiff below, Streicher Enterprises, Inc., (“Streicher”). The order granted Streicher immediate possession and control of funds in five bank accounts held by appellant, BankAtlantic, a Federal Savings Bank (“BankAtlantic”). Although Streicher was the named owner of the accounts, it was in fact an agent for a principal, Micco-sukee Tribe of Indians of Florida (“Tribe”), and was holding the funds for the principal. Prior to the institution of this action, the agency relationship between Streicher and Tribe was terminated by Tribe. Since Streicher was no longer an agent of Tribe, we hold that it was not entitled to possession and control of the accounts and accordingly reverse and remand.
Streicher had a management contract with the Tribe to manage its gas station and service plaza known as the Miccosukee Service Plaza, located on the Miccosukee federal reservation. Pursuant to the management contract, Streicher maintained at BankAtlantic certain accounts in the name of the Miccosukee Service Plaza, using them to deposit receipts from the service plaza and to pay operating expenses. According to the management agreement, Streicher was to deposit all revenues of the business in a bank account it would establish, and to divide net profits between the Tribe and itself.
The Tribe terminated Streicher’s management contract on June 17, 1998, a fact not disputed by the parties. A letter sent by the Tribe’s attorney to the bank and received by the bank on June 17, 1998, stated that the tribe would indemnify and hold the bank harmless as to any claims that might result from its freezing the subject account, and expressed the understanding that based on this promise the bank would freeze the accounts. The bank then froze the accounts.
Thereafter, Streicher brought the instant action to regain possession and control of the subject accounts at BankAtlantic. In its amended complaint, Streicher alleged breach of a depository contract and violation of sections 674.402 and 674.401 of the Florida Statutes. Streicher alleged, among other things, that it alone was entitled to control the accounts, but the complaint was silent as to ownership of the funds in the account.
BankAtlantic countered in its answer and affirmative defenses that Streicher maintained the accounts as an agent for the Tribe until June 17, 1998, that it was not the owner of the funds, and that it lost its rights to maintain or control the accounts when the bank was notified that the agency relationship had been terminated.
Streicher thereafter filed its motion for partial summary judgment, arguing that the bank had breached the deposit agreement by freezing assets over which Streicher had exclusive control. At the hearing on the motion, Streicher noted that the Tribe had not intervened to say it was entitled to any of the money in the accounts.
BankAtlantic on the other hand argued that the enterprise and the accounts were owned by the Tribe and that the funds therefore belonged to the Tribe. BankAt-lantic’s counsel testified in his deposition that the account-opening documents included a notice under the fictitious name *197 statute that identified the party opening the account as “Streicher Enterprises, Inc., as agent for the Miecosukee Indian Tribe, doing business as Miecosukee Service Plaza.”
The court viewed the issue as one between Streicher and the Tribe. More specifically, the court indicated that as between Streicher and the Tribe, it was a question of ownership, whereas between the bank and Streicher it was a matter of control, not ownership. The court then granted the motion for summary judgment, giving Streicher possession and control of the subject bank accounts and ordering the bank immediately to remove or release the freeze on all of the accounts.
BankAtlantic argues that because the bank records show Streicher to have opened the accounts as agent for the Tribe, and because the bank was informed by the Tribe that the management contract had been terminated, which Streicher admitted the Tribe had authority to do, it was proper for BankAtlantic to freeze the accounts.
BankAtlantic further argues that it acted reasonably and prudently when it froze the accounts and obtained an acceptable indemnity bond from the Tribe, because the bank saw the funds as being claimed by both the Tribe and Streicher. BankAtlantic also contends that since the evidence so far adduced did not resolve the right of control as between the Tribe and the agent, the partial summary judgment was erroneously granted, because there remained a question of fact as to the ownership of the accounts. We agree and therefore reverse.
In 4715 Realty Corp. v. Central Bank & Trust Co., 301 So.2d 792 (Fla. 3d DCA 1974), the plaintiff, a customer of the defendant bank, obtained from the bank a letter of credit, upon deposit by its agent of a check for $1,000 and the agent’s assignment and delivery of the passbook to the bank as security for the letter of credit. After the letter of credit expired and was returned to the bank, the bank refused to return the collateral, claiming a set-off against a prior judgment it held against the agent. The bank obtained summary judgment in the ensuing lawsuit, and the plaintiff appealed.
On appeal, the Third District Court of Appeal held that if a bank actually knows that the funds deposited in an account belong to a third person or has knowledge of sufficient facts to charge it with notice, the bank may not seize and retain the funds in order to offset the debt of the depositor. There remained a genuine issue of fact as to the bank’s knowledgé of the agency relationship in connection with the account, and the court accordingly reversed the summary judgment granted by the trial court.
In this case, as in 4715 Realty Corp., because BankAtlantic had notice of the issue concerning ownership of the accounts, there remained a genuine issue of material fact which should have precluded the granting of summary judgment.
Because we are reversing and remanding the trial court’s granting of summary judgment, we hold that all other issues raised by BankAtlantic are now moot.
REVERSED AND REMANDED.
POLEN and TAYLOR, JJ., concur.