SHAHOOD, J.
Appellant, BankAtlantic, a Federal Savings Bank (“BankAtlantic”), seeks review *1210 of a non-final order denying its motion to enforce mandate. For the reasons discussed below, we reverse and remand with directions for the trial court to enforce the mandate previously issued by this court.
This is the second appeal in this case. In BankAtlantic v. Streicher, 756 So.2d 195 (Fla. 4th DCA 2000) (“first appeal”), this court reversed an order of the trial court granting partial summary judgment to appellee, Streicher Enterprises, Inc. (“Streicher”) “because there remained a question of ownership of the accounts.” Id. at 197. A mandate issued April 28, 2000, pursuant to this court’s opinion.
In this case, Streicher managed a gas/service station known as Miccosukee Service Plaza as an agent for the Micco-sukee Indian Tribe (“Tribe”) under a management agreement. As part of its duties, Streicher maintained certain bank accounts in the name of Miccosukee Service Plaza at BankAtlantic. The management agreement provided, among other things, that (i) the funds in the accounts were to be used to pay the operating expenses and reserve contributions of the Miccosukee Service Plaza and (ii) Streicher was to be paid a “buy-out” amount in the event the Tribe terminated its agreement with Streicher.
The Tribe terminated its management contract with Streicher, at which time Streicher requested BankAtlantic pay over the balance in the accounts in question. At the Tribe’s request, BankAtlantic froze the accounts on the same day. A letter sent by the Tribe’s attorney to BankAtlantic stated the Tribe would indemnify and hold BankAtlantic harmless against any claims resulting from freezing its accounts. BankAtlantic then froze the accounts.
Streicher sued BankAtlantic in July 1998, alleging breach of bank deposit contract and conversion and seeking to regain possession and control of the accounts for Miccosukee Service Plaza. Streicher also sued the Tribe alleging a $2,000,000 breach of contract claim under its Management Agreement.
Streicher subsequently moved for partial summary judgment and the trial court granted that motion, requiring BankAtlantic to immediately remove its hold on the funds. BankAtlantic appealed the order granting partial summary judgment and this court reversed in the first appeal.
On remand, BankAtlantic then filed a Motion for Compliance with Mandate and Restoration of Status Quo Ante requesting the court require Streicher to restore the funds it claimed Streicher removed pursuant to the partial summary judgment. Prior to a hearing on that motion, Streicher filed a notice of voluntary dismissal. At the hearing, Streicher argued the trial court lacked jurisdiction to consider BankAtlantic’s motion. The trial court determined it possessed jurisdiction and ordered the parties to comply with the mandate.
Thereafter, BankAtlantic verified the funds had not been returned to the accounts and filed a Motion to Enforce Court’s Order Requiring Compliance with Mandate, seeking compliance with this court’s mandate and the restoration of the withdrawn funds. The trial court summarily denied BankAtlantic’s motion.
In BankAtlantic v. Streicher, this court made it clear that Streicher, although the named owner of the accounts, was in fact an agent for a principal (the “Tribe”) and holding the funds for the Tribe. This court determined that “[sjince Streicher was no longer an agent of Tribe, we hold that it was not entitled to possession and *1211 control of the accounts and accordingly reverse and remand.” Id. at 195. This court said:
BankAtlantic further argues that it acted reasonably and prudently when it froze the accounts and obtained an acceptable indemnity bond from the Tribe, because the bank saw the funds as being claimed by both the Tribe and Streicher. BankAtlantic also contends that since the evidence so far adduced did not resolve the right of control as between the Tribe and the agent, the partial summary judgment was erroneously granted, because there remained a question of fact as to the ownership of the accounts. We agree and therefore reverse.
Id. at 197. This court then concluded, “because BankAtlantic had notice of the issue concerning ownership of the accounts, there remained a genuine issue of material fact which should have precluded the granting of summary judgment.” Id. It was clear this court did not approve the trial court’s order requiring BankAtlantic to immediately remove its hold on the funds. This court recognized there was a dispute between the Tribe and Streicher as to who owned the funds in BankAtlantic’s account.
The trial court has not determined whether Streicher or the Tribe owns the funds. By failing to grant BankAtlantic’s Motion to Enforce the Court’s Order Requiring Compliance with the Mandate, after Streicher withdrew all monies from these accounts and took a voluntary dismissal of its action, the trial court has effectively ignored this court’s mandate.
Accordingly, we reverse and remand to the trial court to grant Appellant’s Motion to Enforce the Court’s Order Requiring Compliance with the Mandate.
REVERSED AND REMANDED WITH DIRECTIONS.
TAYLOR and HAZOURI, JJ., concur.