MONACO, C.J.
The wife, Frances Saunders, files this appeal from a final judgment and corrected final judgment of dissolution of her marriage to the husband, Gary Saunders. Because the dissolution judgment was not based either on facts contained in the record as trial evidence, or on facts stipulated to in the record, we reverse.
The trial of this case was scheduled by the trial court in accordance with a notice of issue filed by the husband. Prior to the trial date, however, the court conducted a hearing on a number of motions. Both parties and their respective counsel attended the hearing. According to the court minutes, the parties announced that they had reached a settlement, but no terms of the stipulation were mentioned in the minutes. The minutes simply reflected that the settlement was to be memorialized by a “Final Judgment to be Filed and signed herein.” The minutes also specifically noted that no court reporter had been in attendance; thus there was no transcript.
The trial court thereafter entered an order vacating the previously ordered trial date, and ordering the parties to complete the settlement documentation within thirty days. About a week later, however, the court entered a final judgment of dissolution even though nothing in the record indicates that the parties had forwarded settlement documents to the court. The wife then moved to recuse the trial judge, but that motion was subsequently denied. After rendition of a corrected final judgment, this appeal followed. We note that although the judgment makes several references to a “Joint Stipulation” that was “incorporated herein by reference,” the record contains no such stipulation either in writing or by transcript.
This case is governed by our decision in Olson v. Olson, 704 So.2d 208 (Fla. 5th DCA 1998). There, we noted as follows:
[W]e are unable to determine whether the parties ever actually reached an agreement concerning the issues pertaining to child support since the instant record fails to contain any documentation in this regard. Ordinarily, a stipulation resolving the issues in a dissolution case is reduced to writing, presented to the trial court, and then entered into the record. When this practice is followed, it is clear that the parties have had the opportunity to review the terms of the stipulation before the agreement is submitted to the trial court for approval. Of course, the ideal situation is not always achievable. For example, agreements are often reached as the parties are about to enter the courtroom to commence a non-jury trial. However, in such cases, a court reporter is usually available to report the terms of the agreement, and the trial court is given the opportunity to question the parties on the record as to whether they are willing to be bound by the terms of the agreement. Unfortunately, in the instant case, none of these measures was taken. As a re- *427 suit, there is no record proof that the parties had executed a stipulated agreement which was intended to be incorporated into a final dissolution judgment.
Id. at 210-211.
Here, as in Olson, there is no stipulation signed by the parties, nor is there any transcript of any oral stipulation. The only evidence before us comes from the barebones court minutes indicating that a settlement had been reached and that a stipulated judgment would later be filed. As we previously pointed out, no such stipulated judgment was ever filed, and the inaction of the parties in this regard certainly indicates that no written settlement was ever finally agreed upon. We noted in Olson that “all dissolution orders must be based upon facts which are contained in the record by way of stipulation or trial evidence.” Id. at 211; Loss v. Loss, 608 So.2d 39 (Fla. 4th DCA 1992). Here, there is nothing in the record to support the judgment of dissolution.
Accordingly, we reverse the corrected final judgment and remand to the trial court for further proceedings.
REVERSED and REMANDED.
PALMER and JACOBUS, JJ., concur.