WALLIS, J.
Appellant, Celeste Rossi (“Former Wife”), appeals the trial court’s final judgment, which adopted the report and recommendation (“Report”) previously entered by a general magistrate. On appeal, *1234 Former Wife argues that the trial court erred by: (1) failing to treat her unauthorized motion for rehearing on the Report as an authorized list of exceptions; (2) ruling that the motion for rehearing did not toll the time to file a list of exceptions; and (3) adopting the Report despite the magistrate’s failure to justify the grossly unequal distribution of marital assets in favor of Appellee, George F. Rossi (“Former Husband”). We agree with Former Wife that the trial court should have considered the content of the improperly labeled motion for rehearing and treated the motion as a list of exceptions. We therefore reverse the final judgment and remand for further proceedings. Because we reverse the trial court’s treatment of Former Wife’s motion for rehearing, we need not address whether the motion tolled the time to file a list of exceptions or whether the magistrate erred in recommending the unequal distribution. We do, however, call attention to numerous unsupported conclusions in the magistrate’s Report.
Following a lengthy hearing on the .parties’ dissolution of marriage, the magistrate entered the July 21, 2014 Report, which included numerous findings concerning the parties’ circumstances and distributed the marital assets. The magistrate found Former Husband’s expenses were minimal, with medical expenses of only $211 per month despite his ongoing cancer treatment, and that the parties began liquidating retirement accounts in 2008 to pay for household expenses. The Report contained numerous findings concerning the parties’ $1,400,000 coin collection, which constituted the bulk of marital assets. The magistrate included no findings as to the source of funds used to purchase the coins but implied that both parties’ salaries contributed to the collection and found that Former Husband “continued to invest in the coin collection” even after his cancer diagnosis and the liquidation of the parties’ retirement accounts. The Report accepted Former Wife’s testimony that Former Husband had “secreted” most of the coin collection away without informing the trial court or Former Wife. Despite rejecting Former Husband’s testimony and concluding that he had engaged in continuous efforts to surreptitiously sell or hide the coins, the magistrate nevertheless recommended an unequal distribution of $489,561.98 to Former Wife and $1,423,553 to Former Husband.[1] The only justification for the unequal distribution provided in the Report consisted of the following paragraph:
This distribution is unequal, and favors the Husband. Although it is unequal, it is equitable under the circumstances of this case, based on the following factors: the Husband’s age[2 ] and health,' and his contributions to the acquisition of the coin collection. In addition, the Husband is uniquely qualified to sell, invest or trade the remaining inventory.
The Report included no mention — much less analysis — of the factors enumerated in section 61.075(1), Florida Statutes (2013).[3]
*1235 On July 30, 2014 — nine days after the magistrate issued the Report — Former Wife filed a motion for rehearing, arguing that the unequal distribution recommended in the Report was contrary to undisputed facts and unsupported by law. On August 5, 2014, the magistrate issued a recommendation for the trial court to enter final judgment, notwithstanding Former Wife’s motion for rehearing, concluding that any review of the Report “must be by way of exceptions” filed under Florida Family Law Rule of Procedure 12.490. On August 11, 2014, Former Wife filed a list of exceptions to the Report. Her list of exceptions is substantially identical to the earlier motion for rehearing, differing only in the document’s title and the inclusion of post-July 30 procedural developments. In several rulings and at an October 16, 2014 hearing, the trial court found no issue with the substantive content of Former Wife’s list of exceptions; rather, it addressed whether the list was timely filed and whether Former Wife was required to file a transcript of prior hearings.
On November 5, 2014, the trial court issued the final judgment, concluding that Former Wife’s motion for rehearing was not an authorized motion under rule 12.490 and that the list of exceptions was not timely filed within ten days of service of the Report. In the final judgment, the trial court adopted the Report without modification, finding that the “[mjagis-trate’s findings and recommendations were supported by competent and substantial evidence” and that the “Magistrate properly applied and took into consideration the appropriate factors required in Chapter 61, Florida Statutes, and as outlined in Adams v. Adams, 677 So.2d 6 (Fla. 5th DCA 1996) in determining the alimony and equitable distribution issues between the parties.”
A trial court’s determination that a motion or other filing is improper, as labeled, is a question of law and is accordingly reviewed de novo. See Magnum Towing, Inc. v. Sunbeam Television Corp., 781 So.2d 379, 380 (Fla. 3d DCA 1998). Where it is apparent that an improperly-labeled motion is “intended to operate” as an authorized motion, an appellate court must consider the motion as if it were properly labeled. Olson v. Olson, 704 So.2d 208, 210 (Fla. 5th DCA 1998); see also Cardiosonx Labs., Inc. v. Aguadilla Med. Servs., Inc., 100 So.3d 285, 287 n. 1 (Fla. 3d DCA 2012); Magnum Towing, Inc., 781 So.2d at 380. Where a party files a motion that would be unauthorized based on the motion’s title, Florida courts will consider the motion’s substance in determining whether the motion was authorized. IndyMac Fed. Bank FSB v. Hagan, 104 So.3d 1232, 1236 (Fla. 3d DCA 2012) (“With respect to the characterization of motions, Florida courts place substance over form. In other words, ‘if the motion is mislabeled, the court will look to the substance of the motion, not the label.’” (quoting Indus. Affiliates, Ltd. v. Testa, 770 So.2d 202, 204 n. 1 (Fla. 3d DCA 2000))). The mislabeling of a motion will not preclude consideration. Olson, 704 So.2d at 210; Estate of Willis v. Gaffney, 677 So.2d 949, 951 (Fla. 2d DCA 1996).
*1236 In the instant case, the trial court found no issue with the substantive content of Former Wife’s list of exceptions. That finding necessarily implies that the substantive content of the motion for rehearing — which was identical to the list of exceptions — was also sufficient. Therefore, the trial court should have treated Former Wife’s unauthorized motion for rehearing as an authorized list of exceptions and should have held a hearing on the magistrate’s Report. See Collado v. Pavlow, 951 So.2d 69, 70 (Fla. 5th DCA 2007). Accordingly, we reverse the trial court’s entry of final judgment and remand for a hearing on Former Wife’s list of exceptions to the magistrate’s Report.
REVERSED and REMANDED with INSTRUCTIONS.
HARRIS, C.M., Senior Judge, and HODGES, R.W., Associate Judge, concur.

.The magistrate’s calculation of the parties' distributions included a finding that Former Wife paid several marital credit card debts. Despite clear evidence in the record that Former Wife paid one debt in the amount of $20,813.35, the Report credits Former Wife with a payment of only $1,072.16.

. Although the magistrate partially justified the unequal distribution based on the parties' ages, Former Husband is only two years older than Former Wife.

. A trial court must justify an unequal distribution with findings after " 'all relevant factors’ have been considered, including the factors contained in section 61.075(l)(a-j).” *1235 Watson v. Watson, 124 So.3d 340, 342-43 (Fla. 1st DCA 2013) (quoting § 61.075(1), Fla. Stat.). Here, although the magistrate arguably included findings pertinent to — but not referencing — several of the factors enumerated in section 61.075(1), the Report clearly omits discussion of subsections 61.075(1)(a), (d), and (e). "[A] trial court's failure to address and reference the factors mandated by sections 61.075(1)(a)-[ (j)], Florida Statutes[,] is reversible error.” Becker v. Becker, 639 So.2d 1082, 1083 (Fla. 5th DCA 1994) (citing McMonagle v. McMonagle, 617 So.2d 373 (Fla. 5th DCA 1993)).