IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KURT DANIEL SHUFELT,

      Appellant,

 v.                                 Case No.  5D15-4114

MARIA ELIZABETH SHUFELT,

      Appellee.

_____/

Opinion filed September 2, 2016

Appeal from the Circuit Court
for Brevard County,
Edward J. Richardson, Judge.

Elizabeth Siano Harris, of Elizabeth Harris,
P.A., Titusville, for Appellant.

Maria Elizabeth Shufelt, Palm Bay, pro se.

PER CURIAM.

This is an appeal of the trial court's final judgment of dissolution of marriage which adopted the report and recommendation ("report") previously submitted by a general magistrate.  Kurt Daniel Shufelt ("Former Husband") raises two issues on appeal.  First, he argues that the trial court erred in signing the proposed final judgment submitted by Former Wife's counsel without providing him the opportunity to comment, review, or object.  Second, he contends that the distribution of the marital home to Maria Elizabeth

Shufelt ("Former Wife"), which essentially awards to her the parties' sole marital asset, is erroneous. Because Former Husband has failed to provide a sufficient record to establish error on the first issue and failed to preserve the second issue for appellate review, we affirm.

Former Wife filed a petition for dissolution of marriage. After Former Husband responded, the trial court referred this case to a general magistrate. Each party appeared before the general magistrate without counsel, and after receiving evidence from the parties, the general magistrate issued her report which, pertinent to this appeal, recommended that the marital home be distributed entirely to Former Wife. After receiving the report, Former Husband filed an objection arguing, among other things, that the marital home should be equitably distributed to both parties.

On October 19, 2015, the trial court held a hearing on Former Husband's objection to the report. By this time, Former Wife was represented by counsel. Our record does not contain a transcript of this hearing. The following day, Former Wife's counsel submitted to the court a proposed final judgment approving and adopting the general magistrate's report together with a transmittal letter requesting that the court enter the proposed final judgment, if no objections were received. Counsel provided Former Husband with a copy of the letter and the proposed final judgment. However, that same day and prior to Former Husband having an opportunity to respond, the court entered the final judgment as submitted, with one handwritten interlineation.

Citing to *Perlow v. Berg-Perlow*, 875 So. 2d 383 (Fla. 2004), Former Husband argues on appeal that when one party submits a proposed final judgment, a trial court errs if it enters the judgment verbatim without providing the other party an opportunity to

2

review the proposed judgment and make objections. Although Former Husband had received a copy of the general magistrate's report several months prior to the hearing on his objections and the final judgment essentially overrules his objections and adopts the report, it is clear that Former Husband did not have an opportunity to review and, if necessary, object to the final judgment before it was entered. However, as we have recently written, this fact alone does not necessarily constitute reversible error. *Wilkinson v. Wilkinson*, 41 Fla. L. Weekly D1766, D1766-67 (Fla. 5th DCA July 29, 2016). Nevertheless, "[b]ecause this procedure raises questions of fairness, we review such cases to ensure that the final judgment conforms to the trial court's oral findings and is supported by competent, substantial evidence." *Id.* (additional citations omitted). In this appeal, Former Husband, as the appellant, has the burden of demonstrating reversible error. We find that Former Husband has not met his burden because without a sufficient record of the hearing which resulted in the entry of the final judgment, Former Husband has not demonstrated that the final judgment is either inconsistent with the trial court's oral findings at the hearing or is not supported by competent substantial evidence.

Former Husband next argues that nothing in the present record justified the unequal distribution of the marital assets to Former Wife. Section 61.075(1), Florida Statutes (2015), provides, in pertinent part, that "[i]n a proceeding for dissolution of marriage, . . . in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors . . . ." The "relevant factors" that must be considered by the trial court to justify an unequal distribution of marital assets include those factors contained in section 61.075(1)(a)-(j). *Rossi v. Rossi*,

3

169 So. 3d 1233, 1234 n.3 (Fla. 5th DCA 2015) (quoting *Watson v. Watson*, 124 So. 3d 340, 342-43 (Fla. 1st DCA 2013)).

The trial court's findings of fact in the final judgment were inadequate to support the unequal distribution of this marital asset. However, this court has long held that in order to preserve for appellate review the issue of the failure of the trial court to make the required findings of fact to support the distribution of assets and liabilities in a final judgment of dissolution of marriage, the alleged defect must be brought to the trial court's attention by filing a motion for rehearing. *See, e.g., Anaya v. Anaya*, 987 So. 2d 806, 807 (Fla. 5th DCA 2008) (citations omitted). In the instant case, Former Husband did file a pro se motion to set aside the final judgment. However, even if we construe that motion as being a timely filed motion for rehearing, Former Husband raised no issue or argument in the motion regarding the trial court's unequal distribution of the marital home. Thus, Former Husband has failed to preserve his second issue for appellate review.

AFFIRMED.

PALMER, TORPY, and LAMBERT, JJ., concur.

4