WALDEN, Chief Judge.
The trial court denied appellant, Madeline Dudek’s, motion to vacate a default judgment and she appeals. We reverse.
Appellee, decedent’s wife, filed a Petition for Determination of Heirs, listing as a possible heir the illegitimate child of appellant. The petition was served on appellant but she did not timely respond. Appellee moved for and was granted a default. The court entered an order determining the heirs to be the legitimate children of appellee. Appellant filed a motion to vacate the default judgment. This motion should have been granted. Empire Electric Co. v. R. J. Hunt Construction Co., 264 So.2d 114 (4th DCA Fla.1972). Appellant properly alleged facts demonstrating excusable neglect. These facts *79 included that she had been extremely ill and had to be hospitalized; that she is on welfare and lives in New Jersey; and that she wrote a letter to the court explaining her difficulties, Jasson D. Radding, Inc. v. Coulter, 138 So.2d 380 (2d DCA Fla.1962). The appellant also alleged a meritorious defense — decedent was the father of her child, see Clark v. Roberto’s, Inc., 320 So.2d 870 (4th DCA Fla.1975); Cowen v. Knott, 252 So.2d 400 (2d DCA Fla.1971).
Therefore, we hold the court abused its discretion in denying appellant’s motion to vacate default judgment as appellant properly alleged excusable neglect and a meritorious defense. The final judgment is vacated and the case is remanded for further proceedings.
REVERSED AND REMANDED.
CROSS, J., arid SCHWARTZ, ALAN R., Associate Judge, concur.