481 So.2d 984 (1986)
James C. KIDDER, Etc., Appellant,
v.
Barney Allyn HESS, et al., Appellees.
No. 85-1356.
District Court of Appeal of Florida, Fifth District.
January 23, 1986.
*985 Charles P. Horn, Withlacoochee Area Legal Services, Inc., Iverness, for appellant.
Michael T. Kovach, Inverness, for appellees.
UPCHURCH, Judge.
James Kidder appeals from an order denying him relief from a judgment entered after default in an adoption proceeding involving his son. We conclude that the judgment should have been set aside and accordingly reverse and remand for further proceedings.
In 1978, James Kidder and Jolane Kidder, now Jolane Hess, were divorced in Michigan. Custody of the parties' son Troy was awarded to Jolane. In 1980, Jolane and her new husband Barney Hess moved to Florida.
In March, 1985, the Hesses petitioned for Barney Hess to adopt Troy. In the petition for adoption, the Hesses alleged that Kidder's consent to adoption had not been obtained because he had abandoned the child for the past six years. In May, 1985, Kidder, still a resident of Michigan, sent a letter to the court stating he had not abandoned his son and he did not want his son adopted. He also included documents from the Michigan court reflecting some of the history of the divorce including the fact that Mrs. Hess was not allowing visitation. By letter dated June 3, 1985, the court returned these documents to Kidder on the basis that they were "attempted ex parte communications" and explained that Kidder must file appropriate pleadings.
On June 5, 1985, only two days later, a default was entered against Kidder. On June 19, 1985, a notice of hearing was filed and a copy sent to Kidder in Michigan. On June 25, 1985, the final judgment of adoption was entered. A few days later, Kidder moved for rehearing and to set aside the default. He later filed a motion for relief from judgment, essentially alleging the same grounds for relief as were alleged in the motion for rehearing. This motion was denied without a hearing. The record does not contain a disposition of the motion for rehearing.[1]
On appeal, Kidder contends that: 1) the trial court erred in denying his motion for relief from judgment without a hearing, 2) the court erred in entering judgment on the default when Kidder had filed an answer, 3) the judgment was procured by fraud and misrepresentation and 4) the court lacked subject matter jurisdiction because the Hesses failed to comply with the pleading requirements under the Uniform Child Custody Jurisdiction Act. We conclude that Kidder is entitled to relief on two grounds, the error in entering the default and the refusal to grant him an evidentiary hearing based on the allegations of fraud in procuring the judgment. We therefore decline to address the other issues.
Florida Rule of Civil Procedure 1.500 provides for defaults and final judgments entered on defaults as follows:

*986 (a) By the Clerk. When a party against whom affirmative relief is sought has failed to file or serve any paper in the action, the party seeking relief may have the clerk enter a default against the party failing to serve or file such paper.
* * * * * *
(c) Right to Plead. A party may plead or otherwise defend at any time before default is entered... .
(d) Setting Aside Default. The court may set aside a default and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with Rule 1.540(b)
Rule 1.540 provides for relief from judgments as follows:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ...
Here the Hesses filed the adoption petition in March 1985. In May, 1985, Kidder sent a letter to the court stating his objections and included documentation. The court returned the letter and documents because they were improper ex parte communications. At the time Kidder responded to the petition, he was residing out of state and was not represented by counsel. (He was later adjudged insolvent and is now being represented by legal services.) The court should have treated the letter as an answer or, at the very least, as an appearance and should have required notice to Kidder before entry of the default. Fla. R.Civ.P 1.500; Turner v. Allen, 389 So.2d 686 (Fla. 5th DCA 1980). Only two days from June 3 to June 5, 1985 elapsed before entry of the default after the court advised Kidder his letter was not acceptable. This was totally inadequate.
Kidder was also entitled to an evidentiary hearing on the basis of the allegations of fraud and misrepresentation by his ex-wife. See Stella v. Stella, 418 So.2d 1029 (Fla. 4th DCA 1982). In his motion for relief from judgment, Kidder alleged that Jolane Hess had committed fraud on the court by claiming that he had abandoned the child when she in fact had refused to permit visitation. If proven, this conduct would constitute the type of fraud, misrepresentation, or misconduct for which relief should be granted under rule 1.540. The alleged fraud was brought to the court's attention within a reasonable time and hence Kidder was entitled to a hearing on his motion for relief from judgment.
REVERSED and REMANDED for consideration on the merits.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] We conclude that the motion for rehearing was abandoned and that the final judgment was "rendered" for appellate purposes when the notice of appeal was filed. Cf., Brumlik v. Catalyst, Inc., 463 So.2d 240, 241 (Fla. 5th DCA 1984) (filing of a notice of appeal from a final judgment constitutes an abandonment of a timely and authorized motion for rehearing and a "disposition" of the motion, thus causing the final judgment to be rendered at that time).