620 So.2d 800 (1993)
Victor KHUBANI, d/b/a The Grand Hotel, Appellant,
v.
Helen MIKULIC, Appellee.
No. 93-00154.
District Court of Appeal of Florida, Second District.
June 23, 1993.
*801 Norman White of Bradley, Johnson, Nelson & Laurent, P.A., Lake Wales, for appellant.
Charles P. Erickson of Paulich, O'Hara & Slack, P.A., Naples, for appellee.
THREADGILL, Judge.
Victor Khubani appeals from a nonfinal order denying his motion to set aside a default judgment entered in this negligence action. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(C)(iv) and 9.130(a)(5). We reverse.
Helen Mikulic filed an action for personal injuries against Khubani, a New Jersey resident, alleging that Khubani owned and operated a hotel in which she fell and sustained injuries. Mikulic served an amended complaint on Khubani on July 30, 1992. In response, on August 10, 1992, Khubani sent a letter to Mikulic's counsel and the clerk of court, advising that Hotel Walesbilt, Inc., was the proper defendant. Mikulic filed a motion for default on August 31, 1992. This motion named Hotel Walesbilt, Inc., as defendant in the case style, and Khubani refused delivery. On September 21, 1992, an amended motion for default, naming Khubani as defendant, was delivered to him in New Jersey, along with a notice of hearing scheduled for September 24, 1992. On September 23, 1992, Khubani faxed a letter to the trial court requesting continuance of the hearing. The hearing was held as scheduled, and the trial court entered an order granting the default on September 28, 1992.
Khubani hired a Florida attorney who filed a motion to set aside the default on November 10, 1992. The trial court denied the motion without comment.
To be relieved of a default, a defendant must show excusable neglect, a meritorious defense, and due diligence in seeking relief after learning of the default. Ponderosa, Inc. v. Stephens, 539 So.2d 1162 (Fla. 2d DCA 1989). Any reasonable doubt regarding the vacation of a default should be resolved in favor of granting the application and allowing a trial on the merits. North Shore Hosp., Inc. v. Barber, 143 So.2d 849, 853 (Fla. 1962). We believe Khubani's motion to set aside the default, along with the exhibits attached thereto, established at least a reasonable doubt as to the propriety of a default in this case. Khubani's reliance upon his letter and request for continuance supports a finding of excusable neglect. See Kidder v. Hess, 481 So.2d 984 (Fla. 5th DCA 1986); Terino Bros., Inc. v. Airey, 364 So.2d 768 (Fla. 2d DCA 1978); In re Estate of Raso, 332 So.2d 78 (Fla. 4th DCA 1976). In addition, because Khubani's alleged liability arises from his ownership and operation of the *802 hotel, his denial of ownership establishes a meritorious defense sufficient to set aside an interlocutory order of default. See Ponderosa, 539 So.2d at 1164; North Shore Hosp., Inc., 143 So.2d at 852. Finally, Khubani acted with due diligence in retaining Florida counsel and moving to have the default set aside. We believe the trial court abused its discretion in failing to resolve these doubts in favor of a trial on the merits. 143 So.2d at 853.
We therefore reverse and remand for further proceedings.
FRANK, C.J., and BLUE, J., concur.