624 So.2d 822 (1993)
Raymond E. ROGOZINSKI and Helen Deann Davis, Appellants,
v.
John SULLIVAN, Appellee.
No. 92-02018.
District Court of Appeal of Florida, Second District.
September 29, 1993.
Alan R. Dakan of Alan R. Dakan, P.A., Sarasota, for appellants.
No appearance, for appellee.
ALTENBERND, Judge.
The defendants, Raymond E. Rogozinski and Helen Deann Davis, appeal an order denying their motion to set aside a final default judgment in favor of the plaintiff, John Sullivan. We reverse.
Mr. Sullivan possessed a license, issued by the City of Sarasota, to run a restaurant concession at a municipal golf course. He sold this license to Mr. Rogozinski in 1989 under a contract requiring installment payments. Mr. Rogozinski stopped making payments under the contract, and Mr. Sullivan sued him in March 1991. Mr. Rogozinski retained an attorney, who filed an answer and counterclaim in April 1991.
Upon discovering that Mr. Rogozinski and Ms. Davis had entered into a partnership with respect to the restaurant, Mr. Sullivan obtained an order on August 26, 1991, allowing him to amend his complaint to add Ms. Davis as a defendant. The allegations in the amended complaint concerning Mr. Rogozinski are quite similar to those in the initial complaint. Neither defendant filed an answer to the amended complaint. Mr. Sullivan obtained a clerk's default against Ms. Davis on October 1, 1991. He obtained a judicial default against Mr. Rogozinski and a judgment against both defendants on November 4, 1991. The defendants moved to vacate the final judgment and set aside the defaults on December 11, 1991. The trial court denied the defendants' motion to set aside the final default judgment.
The evidence presented at the hearing on the motion to set aside the default judgment established that the dispute concerning the restaurant concession had resulted in two lawsuits. Mr. Rogozinski and Ms. Davis had sued the City of Sarasota concerning efforts to terminate the license agreement. They were represented by Alan R. Dakan, P.A., in the action against the City. In the beginning, they were represented by Teresa Harrison, P.A., in this action.
*823 The relationship between Dakan, P.A., and Harrison, P.A., is significant. These two professional associations are members of a partnership of professional associations. The partnership is known as Branning, Breslau, Harrison & Dakan. It has one address and telephone number and legal stationery that displays the partnership name as the name of the law firm. The lawyers and the parties in these two cases had coordinated their efforts. Although the lawyers' appearances in the court files did not use the name of the partnership, at least for some purposes, one firm was representing Mr. Rogozinski and Ms. Davis in both lawsuits. See R. Regulating Fla.Bar 4-1.10.
Harrison, P.A., withdrew as Mr. Rogozinski's attorney in this case on August 7, 1991, prior to the filing of the amended complaint. At that time, Mr. Dakan had discussions about possibly representing the defendants in the Sullivan case. He was willing to do so, but it was his understanding that they would contact him to make final arrangements for that representation.
Both Ms. Davis and Mr. Rogozinski recalled discussions with Mr. Dakan concerning his representation of them in both cases. Ms. Davis believed that Mr. Dakan had assumed responsibilities for both cases when Ms. Harrison withdrew. She assumed that Mr. Dakan was receiving copies of all correspondence and pleadings in both cases, and that he was handling those matters.
Ms. Davis opened all incoming mail for both defendants. Mr. Rogozinski knew that Ms. Harrison had answered the original complaint on his behalf and did not believe it was necessary to file an answer to the amended complaint.[1] Like Ms. Davis, he assumed that Mr. Dakan was taking care of both lawsuits.
When Ms. Davis received her default, she mailed a copy to the law firm. When the defendants received the final judgment, they forwarded it to the law firm. They first realized that Mr. Dakan was not representing them when they received his letter of November 7, 1991, advising them of this fact. The defendants arranged a meeting with Mr. Dakan a few days thereafter.
The trial court erred in denying the defendants' motions to set aside the default judgment. As in our recent decision in Khubani v. Mikulic, 620 So.2d 800 (Fla. 2d DCA 1993), both defendants have "established at least a reasonable doubt as to the propriety of a default in this case," and "the trial court abused its discretion in failing to resolve these doubts in favor of a trial on the merits." Id. at 801.
We agree with the trial court's determination that Mr. Dakan, as the defendants' counsel, exercised due diligence in timely filing the motion to set aside default. See Conidaris v. Credit Alliance Corp., 558 So.2d 523 (Fla. 5th DCA 1990). We disagree with its determination that the defendants themselves failed to exercise due diligence. In light of the confusion concerning the scope of Mr. Dakan's representation and the speed with which the defendants arranged for counsel to move to vacate the default judgment, they have demonstrated excusable neglect and due diligence. See North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla. 1962); B.C. Builders Supply Co. v. Maldonado, 405 So.2d 1345 (Fla. 3d DCA 1981); Goodwin v. Goodwin, 559 So.2d 109 (Fla. 2d DCA 1990); Khubani, 620 So.2d at 801-802. The motion to set aside the default judgment and the proposed answer to the amended complaint adequately established a meritorious defense.
Accordingly, the trial court's order denying the motions to set aside the default judgment is reversed, and the cause is remanded for further proceedings.
FRANK, C.J., and CAMPBELL, J., concur.
NOTES
[1] Prior to 1980, his assumption would have been correct. See Fla.R.Civ.P. 1.190 committee notes; Bonded Rental Agency, Inc. v. Conner, 359 So.2d 926 (Fla. 3d DCA 1978).