DANAHY, Acting Chief Judge.
The appellants seek reversal of an order denying their motion to set aside a default. We reverse with directions.
On September 10,1992, the appellants purchased a lot and twenty-nine mobile home units from the appellee for the sum of $335,-000. The appellants executed a purchase money note and mortgage in favor of the appellee in the principal amount of $277,000.
On January 4, 1993, the appellants filed an action against the appellee in the Circuit Court of Hillsborough County seeking a rescission of the contract of sale based upon fraudulent misrepresentations. The case was assigned number 93-00026. This action is based upon allegations of the appellants that they discovered numerous PVC pipes illegally installed on the real property which illegally discharged effluent water from the percolation/evaporation pond into the McKay Tidal Bay which runs behind the real property. The appellants further claim that the Environmental Protection Commission had modified the conditions of the wastewater treatment permit for the real property by restricting the operation of thirty-one mobile home units to twenty-six mobile home units.
On February 3,1993, the appellee initiated this action against the appellants seeking foreclosure of the purchase money mortgage. This was a separate action in the Circuit Court of Hillsborough County with case number 93-851.
The appellants were properly served with a summons and complaint in this action but both they and their attorney apparently thought these documents related to the first action and did not realize a separate action had been instituted. In any event, the appellants failed to respond to the foreclosure action and the appellee sought and obtained *300 a default. The trial court denied the appellants’ motion to set aside the default. We reverse.
It is obvious that because of the confusion on the part of the appellants and their attorney, the filing of the foreclosure action was not known by them in time to file any request for abatement and consolidation. That confusion constituted excusable neglect justifying a setting aside of the default in the foreclosure action. See Rogozinski v. Sullivan, 624 So.2d 822 (Fla. 2d DCA 1993).
We reverse with directions that this action be consolidated with the appellants’ suit seeking rescission of the contract of sale which produced the mortgage sought to be foreclosed in this action. It is simply incongruous to allow a default in the foreclosure action when the result of the rescission action may be that there is no mortgage to foreclose.
Reversed with directions.
SCHOONOVER, J., and GALLEN, THOMAS M., Associate Judge, concur.