PER CURIAM.
The defendant, Sunstate Courier, Inc., appeals an order denying its motion to set aside a default entered in favor of the plaintiff, Lance F. Byron. We reverse.
Mr. Byron was injured in an automobile accident involving a car driven by a courier allegedly working for Sunstate. On December 4, 1991, Mr. Byron served Sunstate with a complaint filed in Hillsborough County. Sunstate forwarded all information to its insurer, Progressive Insurance Company. Mr. Byron filed a motion for default without notifying Sunstate. On February 4, 1992, Mr. Byron obtained a default against Sunstate.
On February 10, 1992, Mr. Byron’s insurer, Worldwide Insurance Company, filed and served a complaint for subrogation against Sunstate in Pinellas County. The parties were similar to those in the Hillsborough lawsuit and the facts arose out of the same automobile accident. Sunstate filed its answer and affirmative defenses to the Pinellas complaint. On August 24, 1993, Sunstate first learned of the default in the Hillsbor-ough lawsuit. Sunstate promptly filed a motion to set aside the default based on the confusion between the two lawsuits. The trial court denied the motion.
In support of the motion to set aside the default, Sunstate filed affidavits of its president, Edward Semlitz. Mr. Semlitz stated that he believed the complaints were part of the same lawsuit. He further stated that he originally believed that Progressive was going to defend the claim and that he learned of Progressive’s rejection of coverage when Worldwide filed the Pinellas complaint. Sunstate answered the Pinellas complaint, assuming it was defending against the first lawsuit.
There is a strong preference for lawsuits to be decided on the merits, thus, courts should liberally set aside default judgments under appropriate circumstances. Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990). Because of the confusion caused by the pendency of both cases involving related parties and subject matter, the failure to timely respond constituted excusable neglect which justified setting aside the default. See Rogozinski v. Sullivan, 624 So.2d 822 (Fla. 2d DCA 1993); Okeechobee Imports, Inc. v. American Sav. & Loan Ass’n, 558 So.2d 506 (Fla. 3d DCA 1990).
Accordingly, we reverse the order denying the motion to set aside the default and remand this cause for further proceedings.
FRANK, C.J., DANAHY, J., and FARNELL and CROCKETT, Associate Judges, concur.