DELL, J.
Vacation Escape, Inc. appeals from a final default judgment, contending that the trial court erred when it failed to resolve its motion to set aside the clerk’s default before entering a final judgment as to Count I. We reverse.
On November 20, 1997, appellee filed a four-count complaint against appellant and appellant’s principals (“the Hamiltons”). Neither appellant nor the Hamiltons responded to the complaint, and on December 12, 1997, a clerk’s default was entered against them on all four counts. Thereafter, appellee amended its complaint to add Count V against the Hamiltons. On January 22, 1998, the court entered final default Judgment in favor of appellee, as to Counts II, III, and IV. Appellee then filed a motion for a final default judgment as to Count I on March 3, 1998. In response, appellant filed a motion to set aside the clerk’s default as to Count I on March 13, 1998, and scheduled a hearing for May 11, 1998.
On March 24, 1998, the trial court heard appellee’s motion for final default judgment as to Count I and summary judgment as to Count V. At the hearing, appellant asked the court to hear his pending motion to vacate the clerk’s default before considering appellee’s motion for a final default judgment as to Count I. Appellee argued that appellant failed to show excusable neglect for setting aside the default, and did not use due diligence in waiting three months to remedy the problem. Without the presentation of any evidence or hearing counsels’ arguments on appellant’s motion, the court granted appellee’s motion and entered a final default judgment as to Count I on March 30, 1998.
Appellant contends that as a matter of law, the trial court should have resolved appellant’s motion to set aside the clerk’s default prior to its entry of final default judgment as to Count I. “[W]here an undisposed motion is pending in a cause, a default judgment may not be entered, unless the determination of the motion either way would not affect the plaintiffs right to proceed with the action.” Punta Gorda Ready Mixed Concrete, Inc. v. Green Manor Constr.Co., 166 So.2d 889, 890 (Fla.1964)(citing Cobb v. Trammell, 73 Fla. 574, 74 So. 697 (1917); Dudley v. White, 44 Fla. 264, 31 So. 830 (1902)). Obviously a favorable determination by the court on appellant’s motion to set aside the clerk’s default would have affected appel-lee’s right to proceed with its motion for final default judgment. The pending motion to set aside the clerk’s default “precluded the trial court from entering a [final default judgment] without first determining the merits of the motion.... ” See Sister Donut, Inc. v. Cameron-Brown Co., 495 So.2d 772 (Fla. 4th DCA 1986). Furthermore, by granting appellee’s motion for final default judgment without first ruling on appellee’s motion to vacate the clerk’s default as to Count I, the trial court denied appellant’s motion without an evi- *530 dentiary hearing. This was an abuse of discretion. See Hernandez v. National Bank of Fla., 423 So.2d 920 (Fla. 3d DCA 1982).
Accordingly, we reverse the final default judgment as to Count I, and remand for further proceedings consistent herewith.
REVERSED and REMANDED.
POLEN and STEVENSON, JJ., concur.