PARKER, Judge.
Appellants Lakeview Auto Sales, Inc. (Lakeview) and Billy and Donna Weeks (the Weeks) challenge the trial court’s order entering final default judgments against them. Because Lakeview was not represented by counsel in the trial court, we affirm the default judgment entered against it. We reverse the default judgment against the Weeks, however, because the trial court never ruled on the Weeks’ pending motions to set aside the default.
On July 17, 1996, Frank and Jill Lott (the Lotts) sued Lakeview and the Weeks, alleging nonpayment of debts secured by several promissory notes. Both Lakeview and the Weeks were initially represented by counsel;[1] however, counsel never filed a responsive pleading on their behalf. On April 17, 1997, the Lotts filed a motion for default and default judgment against the Weeks.[2] Shortly thereafter, counsel for Lakeview and the Weeks filed a motion to withdraw. On May 20, 1997, the trial court granted counsel’s motion to withdraw and entered a default against the Weeks (the May 20 default). The trial court also set a hearing on the Lotts’ motion for default judgment for May 23, 1997, just three days later.
The Weeks appeared pro se at the May 23 hearing. Because there was no record of the May 20 default in the court file, the trial court set it aside and ordered the Weeks to file a pleading responsive to the Lotts’ complaint within ten days. On May 28, 1997, the Weeks submitted an eleven-page letter to the court explaining their version of the events giving rise to the litigation (the May 28 letter). When considered in its entirety, this letter denied some of the allegations of the Lotts’ complaint; asserted general defenses to the *724 validity and authenticity of the promissory notes; and asserted several affirmative defenses, including coercion and fraud, usury, and misuse of corporate funds and assets. The trial judge received the May 28 letter in chambers on May 29, 1997. The Weeks did not file a copy of this letter with the clerk or serve a copy on the Lotts.
On June 10, 1997, the Lotts filed a second motion for default and default judgment based on the Weeks’ alleged failure to file a responsive pleading. Despite the Weeks’ May 28 letter, the trial court reentered a default against the Weeks on June 18, 1997 (the June 18 default). In a letter to the Lotts’ counsel dated June 26, 1997, the trial court stated that it would consider the Weeks’ May 28 letter as a pro se motion to set aside the June 18 default, and the trial court scheduled a hearing on this “motion” for July 10, 1997. For reasons not clear from the record, this scheduled hearing never took place, and the trial court never ruled on the Weeks’ “motion.”
On April 7, 1998, the Lotts moved for final default judgment against both Lake-view and the Weeks. The trial court entered a default against Lakeview on April 24,1998. On June 9, 1998, the Weeks filed a pro se motion to set aside the June 18 default. Without ruling on the Weeks’ June 9 motion, the trial court entered final default judgment against both Lakeview and the Weeks. Both Lakeview and the Weeks timely appealed the final default judgments.
Lakeview correctly acknowledges that, as a corporation, it could not represent itself in the trial court, but had to be represented by counsel. See System One Southeast, Inc. v. Avery Dennison Corp., 704 So.2d 665, 666 (Fla. 2d DCA 1997). Since it was not represented by counsel in the trial court, Lakeview concedes that it did not properly appear in the matter, and that the default judgment was properly entered against it. Therefore, we affirm the final default judgment against Lake-view.
We must reverse the final default judgment against the Weeks, however, because the trial court never ruled on the Weeks’ motions to set aside the default. A trial court may not enter a default judgment without first determining the merits of any pending motion to set aside the default. See Vacation Escape, Inc. v. Michigan Nat’l Bank, 735 So.2d 528, 529 (Fla. 4th DCA 1999). In this case, the trial court stated that it would consider the May 28 letter as a motion to set aside the June 18 default.[3] The Weeks also filed a pro se motion to set aside the June 18 default on June 9, 1998. The trial court never held a hearing on either the May 28 “motion” or the June 9 motion, never considered the merits of either, and never entered an order on either. These pending matters precluded the trial court from entering a final default judgment against the Weeks.
We therefore reverse the entry of final default judgment against the Weeks and remand with directions to the trial court to consider the merits of the Weeks’ motion to set aside the June 18 default in light of the contents of and circumstances surrounding the May 28 letter.
CAMPBELL, A.C.J., and SALCINES, J., Concur.

. Counsel representing the Weeks on appeal did not represent them in the trial court.

. For reasons not apparent from the record, the Lotts did not pursue a default or default judgment against Lakeview at this point in the proceedings.

. We note that the trial court had allowed the Weeks’ counsel to withdraw just three days before ordering them to file a responsive pleading to the Lotts' complaint. At that time, the trial court was aware that the Weeks were proceeding pro se. We also note that the trial court received the May 28 letter five days after it had ordered the Weeks to file a responsive pleading. We further note that the trial court received the May 28 letter three weeks before it entered the June 18 default against the Weeks. We cannot determine from this record whether the trial court considered the contents of and circumstances surrounding the May 28 letter when it decided to treat the May 28 letter as a motion to set aside a default rather than a responsive pleading.