DAMOORGIAN, J.
Rose Marie Goodman appeals an order denying her motion to vacate a default final judgment. Goodman contends that, as a matter of law, the trial court should have ruled on her pending motion to vacate the default entered against her before entering a default final judgment. We agree. See Vacation Escape, Inc. v. Mich. Nat’l Bank, 735 So.2d 528, 529 (Fla. 4th DCA 1999) (reversing entry of a final default judgment where the trial court failed to hear the motion to vacate the clerk’s default); see also Punta Gorda Ready Mixed Concrete, Inc. v. Green Manor Constr. Co., 166 So.2d 889, 890 (Fla.1964); Lakeview Auto Sales v. Lott, 753 So.2d 723, 724 (Fla. 2d DCA 2000) (reversing default final judgment because the trial court failed to rule on the pending motions to set aside the default). Goodman also appeals the order denying her motion to quash service of process. We affirm that order.
Our holding should not be read to mean that a party may ignore the time requirements imposed by Florida Rule of Civil Procedure 1.540, or that we countenance the practice of filing a motion and then allowing it to languish. The civil practice of law would benefit from a rule which provides that motions not pursued to resolution by the movant within a fixed period of time should be deemed denied. Cf. Sewell Masonry Co. v. DCC Constr., Inc., 862 So.2d 893, 899 (Fla. 5th DCA 2003) (“Litigants have an affirmative obligation to move their cases to resolution a,nd not sit back and rely on the trial court to set their hearings for them.”).
We reverse the default final judgment and remand for further proceedings consistent herewith.

Reversed and Remaoided.

GROSS, C.J., and POLEN, J., concur.