LAGOA, J.
Cardiosonx Laboratories, Inc., and Orestes Hernandez (collectively “Cardio-sonx”), appeal from a final default judgment entered in favor of plaintiff, Aguadilla Medical Services, Inc. (“Agua-dilla”). Because we find that the trial court erred in refusing to consider Car-diosonx’s pending motion to set aside the clerk’s default before entering final judgment in favor of Aguadilla, we reverse.
1. FACTUAL AND PROCEDURAL HISTORY
On or about June 14, 2010, Aguadilla, an ambulatory surgical center in Puerto Rico, purchased a CT scanner and related accessories from Cardiosonx, a medical equipment sales and service company based in Florida. Aguadilla made full payment for the scanner but Cardiosonx failed to deliver the machine to Aguadilla. On November 1, 2010, Cardiosonx tendered check number 3424 in the face amount of $41,000 to Aguadilla but the check was dishonored. On November 23, 2010, Cardiosonx tendered check number 3449 in the face amount of $41,000 to Aguadilla and again the check was dishonored.
On April 21, 2011, Aguadilla filed a Complaint against Cardiosonx for breach of contract, fraud, and issuance of two worthless checks. The Complaint was served on Cardiosonx on April 27, 2011, and a Proof of Service was filed with the court on May 2, 2011. Because Cardiosonx failed to serve or file any paper in response to the complaint, Aguadilla on May 25, 2011 filed a Motion for Default. On May 26, 2011, the Clerk entered a Default against Car-diosonx.
On June 13, 2011, Cardiosonx retained counsel. At that point in time, neither Cardiosonx nor its counsel was aware of the Clerk’s Default. In conducting a *287 search of the docket, Cardiosonx’s counsel discovered that the Clerk had entered a Default against Cardiosonx. Cardiosonx’s counsel contacted Aguadilla’s counsel to request that Aguadilla agree to set aside the Clerk’s Default; counsel for Aguadilla, however, did not agree to set aside the Clerk’s Default.
On June 27, 2011, Cardiosonx served a Motion to Set Aside the Clerk’s Default along with an Affidavit in support of the Motion, as well as an Answer and Affirmative Defenses. The next day, Aguadilla served a Motion for Final Judgment based on the Clerk’s Default. Both parties filed a Notice of Hearing on their competing Motions; the hearing on both Motions was set for September 21, 2011, and entered into the trial court’s docket.
On the date of the hearing, the trial court judge stated that because Cardio-sonx’s motion was not “properly noticed” he would hear only Aguadilla’s Motion for Final Judgment. Consequently, Cardio-sonx was unable to argue its Motion to Set Aside Clerk’s Default, despite its attempt to do so. Without giving Cardiosonx’s counsel the opportunity to present its pending Motion to Set Aside Clerk’s Default, the trial court judge entered a final judgment in favor of Aguadilla.
Cardiosonx filed a Motion to Set Aside Final Judgment on September 26, 2011, and an Amended Motion on October 14, 2011, which the trial court denied. This appeal ensued.[1]
II. ANALYSIS
On appeal, Cardiosonx contends that as a matter of law the trial court should have resolved its pending Motion to Set Aside Clerk’s Default prior to entry of Final Judgment in Aguadilla’s favor. We agree.
The law is well-established that “where an undisposed motion is pending in a cause, a default judgment may not be entered, unless the determination of the motion either way would not affect the plaintiffs right to proceed with the action.” Vacation Escape, Inc. v. Mich. Nat’l Bank, 735 So.2d 528, 529 (Fla. 4th DCA 1999) (quoting Punta Gorda Ready Mixed Concrete, Inc. v. Green Manor Constr. Co., 166 So.2d 889, 890 (Fla.1964)); see also Goodman v. Joffe, 57 So.3d 1001, 1001 (Fla. 4th DCA 2011) (reversing a default final judgment because “the trial court should have ruled on [the appellant’s] pending motion to vacate the default entered against her before entering a default final judgment”); Lakeview Auto Sales v. Lott, 753 So.2d 723, 724 (Fla. 2d DCA 2000) (reversing a default final judgment because the trial court failed to rule on pending motions to set aside the default).
Significantly, our sister court’s decision in Vacation Escape is squarely on point. In Vacation Escape, the defendant appealed from a final default judgment, contending that the trial court erred when it failed to resolve the defendant’s Motion to Set Aside Clerk’s Default before entering a final judgment. The Fourth District held that the trial court was required to resolve the Motion to Set Aside Clerk’s Default prior to the entry of a final default judgment because “[o]bviously a favorable determination by the court on [the defendant’s] motion to set aside the clerk’s de *288 fault would have affected [the plaintiffs] right to proceed with its motion for final default judgment.” Id. at 529. The Fourth District further stated that the trial court was precluded from entering a default final judgment “without first determining the merits of the motion” to vacate the default. Id.; see also Sister Donut, Inc. v. Cameron-Brown Co., 495 So.2d 772, 773 (Fla. 4th DCA 1986) (finding that a pending motion to abate prevented the trial court from entering a default final judgment of foreclosure).
Here, as in Vacation Escape, the trial court erred in refusing to hear Cardio-sonx’s pending Motion to Set Aside Clerk’s Default prior to the entry of a final default judgment in favor of Aguadilla.
III. CONCLUSION
Accordingly, we reverse the trial court’s entry of Final Default Judgment in favor of Aguadilla and remand for the trial court to consider and rule on Cardiosonx’s Motion to Set Aside the Clerk’s Default.
Reversed and remanded.

. We have jurisdiction to review this appeal. See Magnum Towing, Inc. v. Sunbeam Television Corp., 781 So.2d 379 (Fla. 3d DCA 1998) (even though appellants' motion was mislabeled the motion was in substance a proper motion for rehearing); Nardi v. Cont’l Nat’l Bank, 559 So.2d 307 (Fla. 3d DCA 1990) (treating appellants' “motion to set aside final summary judgment” as a timely motion for rehearing). See also Fla. R. App. P. 9.020(h)(1); Olson v. Olson, 704 So.2d 208 (Fla. 5th DCA 1998).