DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARCHANA SINGH** and **DENNIS MASSEY,**
Appellants,

v.

**DEV T. KUMAR,**
Appellee.

No. 4D17-241

[October 11, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara A. McCarthy, Judge; L.T. Case No. CACE16004689 (21).

Meredith A. Chaiken of Tenberg Chaiken, LLC, Lighthouse Point, for appellants.

Geoffrey D. Ittleman of The Law Offices of Geoffrey D. Ittleman, P.A., Fort Lauderdale, for appellee.

KUNTZ, J.

The Defendants raise three arguments in their appeal of the court's default final judgment. First, they argue the court erred in entering a default final judgment without ruling on their pending motions to set aside an earlier issued default. Second, they argue the court erred when it entered the default final judgment as a sanction without finding their conduct willful. Third, they argue the court erred by failing to consider separate letters, which the then-pro se Defendants sent to the court, prior to the issuance of the default, denying the allegations in the complaint. We agree with each of their arguments and reverse.

## *Background*

The Plaintiff filed a five-count complaint against the two Defendants arising out of a $30,000 oral loan agreement. Through counsel, the Defendants moved to dismiss the complaint for lack of personal jurisdiction.

The Defendants' attorney moved to withdraw on the day the motion to dismiss was scheduled for hearing. Notwithstanding the motion to withdraw, the court held the scheduled hearing, denied the motion to dismiss for lack of personal jurisdiction, and ordered the Defendants to answer the complaint. Due to the "withdrawal of Defendants' counsel" and to "provide sufficient time for Defendants to retain new counsel," the court's order allowed the Defendants sixty days to answer the Plaintiff's complaint. The order also provided that the failure to timely answer would result in a default.

At 10:00 a.m. on the first business day after the expiration of the sixty-day deadline, the Plaintiff moved for a default and served the pro se Defendants by U.S. Mail at an address in California. Only seven days after the motion for default was filed, the court entered an order of default.

The Defendants moved to set aside the default and then filed a separate motion to vacate the default. The motions noted that one month prior to the court's order of default, the Defendants sent individual letters directly to the presiding judge. These letters were docketed by the Clerk of Court. One letter denied any connection to the Plaintiff and the loan; the other acknowledged a relationship with the Plaintiff, but denied the allegations in the complaint.

Thereafter, the Plaintiff moved for default final judgment and the court entered a default final judgment against the Defendants. After the entry of the default final judgment, counsel appeared for the Defendants and timely filed both a motion for rehearing and a motion to vacate the default final judgment and set aside default.

The court heard the post-judgment motions. At the hearing, the court declined to entertain the Defendants' timely filed motion for rehearing and later denied the motion in a written order. However, the court did consider the Defendants' motion to vacate at the hearing.

Counsel for the Defendants argued that both Defendants sent pro se letters to the court prior to the entry of default and, therefore, the default should be vacated. With regard to the two pro se letters, the court stated that "[t]hey weren't filed. They're sending to me, like, ex parte but they're not filed. They're not e-filed. And they were given instruction by prior counsel on that. They weren't properly filed. They were just sent to my office." Later, the court stated that "you have to understand something, even with them not e-filing it, the Court considered it" and "if the argument would be that they didn't understand how to properly e-file, it would be one thing, but because they were pro se and I did receive it, Mr. Levine, I

2

did consider it."

After making these statements regarding the pro se letters, the court denied the motion to vacate and subsequently denied the motion for rehearing. The Defendants timely appealed the court's default judgment and denial of the motion for rehearing.[1]

### *Analysis*

The Defendants raise three arguments on appeal:

1. The court erred in entering a default final judgment without first ruling on their pending motions to set aside an earlier default.

2. The court erred in entering a default final judgment as a sanction without finding their conduct to be willful; and

3. The court erred when it refused to consider the letters the Defendants sent directly to the court prior to the issuance of the default.

We agree and address each below.

1. ***The Court Erred as a Matter of Law When It Entered a Default Judgment with Motions Pending that May Have Affected the Parties' Right to Proceed.***

The Defendants argue the court erred when it entered the default final judgment without ruling on the Defendants previously filed motions to set aside default and motion to vacate default. The Plaintiff's brief on appeal did not address this argument.

The Defendants are correct. It was established long ago that a court may not enter a default judgment with an undisposed motion pending that would affect the plaintiff's right to proceed to judgment. *Punta Gorda Ready Mixed Concrete, Inc. v. Green Manor Constr. Co.*, 166 So. 2d 889, 890 (Fla. 1964) (citing *Cobb v. Trammell*, 74 So. 697 (Fla. 1917); *Dudley v. White*, 31 So. 830 (Fla. 1902)); *see also Goodman v. Joffe*, 57 So. 3d 1001 (Fla. 4th DCA 2011); *Vacation Escape, Inc. v. Michigan Nat. Bank*, 735 So. 2d 528, 529 (Fla. 4th DCA 1999); *Cardiosonx Labs., Inc. v. Aguadilla Med.*

---

[1] As an order disposing of a motion that suspended rendition, the court's order denying the Defendants' motion for rehearing is not independently reviewable and is reviewed as part of the final judgment. *See* Fla. R. App. P. 9.130(a)(4).

*Services, Inc.*, 100 So. 3d 285, 287 (Fla. 3d DCA 2012); *Lakeview Auto Sales v. Lott,* 753 So. 2d 723 (Fla. 2d DCA 2000).

In this case, both Defendants sent the court a letter denying the allegations against them and later filed a motion to set aside the default and a motion to vacate the default. All of these filings occurred prior to the court's issuance of the default final judgment. As we held in *Vacation Escape*, "obviously a favorable determination by the court on appellant's motion to set aside the . . . default would have affected appellee's right to proceed with its motion for final default judgment." 735 So. 2d at 529–30. Therefore, the court erred as a matter of law when it issued the default judgment notwithstanding the Defendants' multiple pending motions.

## 2. *The Court Erred as a Matter of Law When It Entered a Default Judgment as a Sanction Without Making a Finding of Willfulness.*

The Defendants also argue the court erred by issuing the default final judgment as a sanction because the court failed to make a finding of willfulness. As with the first issue, the Plaintiff did not address this argument in its brief on appeal.

We only briefly address this argument because our supreme court has been clear that an order dismissing a claim as a sanction must "contain an explicit finding of willful noncompliance." *Commonwealth Fed. Sav. & Loan Ass'n v. Tubero,* 569 So. 2d 1271, 1273 (Fla. 1990). The court's default final judgment fails to comply with this requirement. Therefore, to the extent the court intended the default final judgment as a sanction, the court erred as a matter of law.

## 3. *The Court Erred by Refusing to Consider the Pro Se Correspondence Sent by the Defendants Prior to the Entry of the Default and the Default Final Judgment.*

For their final argument, the Defendants argue the court abused its discretion by refusing to consider the letters the Defendants sent to the court. It does appear that the court originally emphasized the letters were not e-filed, apparently implying it would not consider them. However, later the court suggested the letters had been considered. Regardless, the default order was premised on the court's conclusion that the Defendants failed to file "anything."

The pro se litigants were not required to electronically file the letters. Pro se parties may "file" pleadings by manually submitting them to the

4

"clerk or court."  Fla. R. Jud. Admin. 2.525(d)(2).  The Defendants' letters were mailed to the "court," and thus they were "filed" in a manner authorized by Rule 2.525(d)(2).

There is little authority on this specific issue.  However, in *Greenwood v. Nicklaus*, 527 So. 2d 964 (Fla. 5th DCA 1988), the court concluded that a defendant's letter to the court was a paper that precluded the entry of a clerk's default.  Similarly, in another case the Fifth District concluded the circuit court erred when it refused to treat a pro se defendant's letter denying claims against him as an answer.  *Kidder v. Hess*, 481 So. 2d 984, 986 (Fla. 5th DCA 1986).

Both *Greenwood* and *Kidder* involved the entry of a clerk's default.  However, the holding in each was that when the court receives a pro se denial in the form of a letter, it should treat the letter as an answer.  Here, the court ultimately stated that it had "considered" the letters but only after focusing on the fact that the letters were not e-filed.  Further, the court did not strike the letters for failure comply with the pleading rules or otherwise find the letters to be insufficient.  Of course, if the court had stricken the letters or otherwise found them insufficient, the Defendants would have been entitled to notice of the court's order.  Since the court took no action other than to "consider" the letters, the Defendants did not receive the notice to which they would have been entitled.

The rules promulgated by our supreme court specifically allow a pro se filer to submit filings to the "court."  A pro se filer who complies with the rule is entitled to have the filing accepted by the court.  Therefore, the court erred when it entered a default after receiving the pro se letters without providing notice that the letters were being rejected.

### *Conclusion*

The court erred when it entered a default after having received written denials from the Defendants and compounded the error by entering a default final judgment without ruling on the Defendants' motion to set aside default and motion to vacate default.  Therefore, the court's judgment is reversed and the case remanded for further proceedings.

*Reversed and remanded.*

TAYLOR and DAMOORGIAN, JJ., concur.

\*          \*          \*

5

*Not final until disposition of timely filed motion for rehearing.*