# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1693
Lower Tribunal No. 02-31329
_____

## David L. Brooks,
Appellant,

vs.

## Valerie Brooks,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David Young, Judge.

Ross & Girten, and Lauri Waldman Ross; Foster-Morales Sockel-Stone, LLC, and Dori Foster-Morales; and Rodon Law, PLLC, and Mary Lou Rodon, for appellant.

Richard A. Schurr, P.A., Richard A. Schurr and Bonnie M. Sack, for appellee.

Before EMAS, HENDON and GORDO, JJ.

GORDO, J.

David Brooks ("former husband") appeals the trial court's final order dismissing his motion to vacate a final judgment of dissolution of marriage under Florida Rule of Civil Procedure 1.540(b). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We find as a matter of law the trial court properly dismissed the motion and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The former husband and wife were married in 1985. The parties divorced by final judgment of dissolution of marriage on July 3, 2003. The final judgment incorporated the Marital Settlement Agreement ("MSA") and the Qualified Domestic Relations Order ("QDRO"), which memorialized the parties agreement as to an equitable distribution of their real and personal property. On June 28, 2004, the former husband filed a motion to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(1) and Florida Family Law Rule of Procedure 12.540(b) alleging mistake. He alleged mistake as to certain provisions in the MSA and QDRO regarding survivorship benefits upon his death. On November 8, 2005, the former husband filed an amended motion to vacate final judgment, raising the same argument and additionally arguing the judgment was no longer equitable pursuant to rule 1.540(b)(5). The former husband however, never sought to

have his motion heard by the trial court. On June 24, 2011, the trial court entered an order closing the case post-judgment.

In April 2020, the former husband filed a request to reopen his case and set his November 2005 motion to vacate for final hearing. The former wife subsequently filed a motion to dismiss the former husband's motion to vacate arguing the trial court was without jurisdiction. The trial court dismissed the motion to vacate finding the motion was untimely. This appeal followed.

## STANDARD OF REVIEW

While this Court generally reviews an order denying a rule 1.540 motion for abuse of discretion, when the trial court rules on the motion as a matter of law—our review is de novo. See CFLB Mgmt., LLC v. Diamond Blue Int'l, Inc., 318 So. 3d 589, 592 (Fla. 3d DCA 2021).

## LEGAL ANALYSIS

The sole question presented before us is whether the trial court properly found the motion to vacate was untimely pursuant to rule 1.540(b)(1) and (b)(5). We address the applicable sections of rule 1.540(b) separately.

I.     Rule 1.540(b)(1)

Rule 1.540(b)(1) provides:

3

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. **On motion and upon such terms as are just**, the court **may** relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect.

(emphasis added). Because rule 1.540(b) is designed to preserve the finality of a case, motions pursuant to this rule are intentionally limited in number. See Sanchez v. Sanchez, 285 So. 3d 969, 972 (Fla. 3d DCA 2019). "Under the rule, all motions seeking relief 'shall be filed within a reasonable time' after entry of the challenged final order, and motions seeking relief based on categories (1), (2), or (3) must be filed within one year of entry of the final order." Id. at 973. The former husband argues despite his failure to set his motion to vacate for final hearing for sixteen years—from 2004 to 2020—he timely filed his motion pursuant to rule 1.540(b)(1)[1] because final judgment was entered on July 3, 2003, and he filed his motion within one year. He further asserts rule 1.540 imposes no deadline on when the motion must be heard.

---

[1] The former husband also filed his motion under Florida Family Law Rule of Procedure 12.540(b). "The relevant portions of rule 12.540(b)(4) are identical to rule 1.540(b)(4), and motions filed under rule 12.540(b) are governed by the body of law applicable to rule 1.540(b)." Sanchez, 285 So. 3d at 971. The relevant motion hereinafter will be referred to as the former husband's rule 1.540 motion without reference to its family law counterpart.

4

We disagree and find the former husband's rule 1.540(b) motion was untimely because he failed to schedule a notice of hearing on his motion for over sixteen years. Simply filing a motion to vacate pursuant to rule 1.540(b)(1) within one year of a final judgment does not eliminate a litigant's responsibility to bring the motion to the attention of the trial court within a reasonable time. Despite filing his motion within one year of the final judgment, the former husband made no attempt to bring it to the attention of the trial court for over sixteen years. Such a disregard for the time requirements of rule 1.540(b) would render the rule's intention of preserving the finality of judgments a nullity. See Goodman v. Joffe, 57 So. 3d 1001, 1002 (Fla. 4th DCA 2011) ("Our holding should not be read to mean that a party may ignore the time requirements imposed by Florida Rule of Civil Procedure 1.540, or that we countenance the practice of filing a motion and then allowing it to languish. The civil practice of law would benefit from a rule which provides that motions not pursued to resolution by the movant within a fixed period of time should be deemed denied."); Sewell Masonry Co. v. DCC Constr., Inc., 862 So. 2d 893, 899 (Fla. 5th DCA 2003) ("Litigants have an affirmative obligation to move their cases to resolution and not sit back and rely on the trial court to set their hearings for them."); Metro. Dade Cnty. v. Certain Lands Upon Which Assessments Are Delinq., 471 So. 2d

5

191, 193–94 (Fla. 3d DCA 1985) (finding the trial court was without jurisdiction to vacate the November 1981 final judgment in August 1984).

It is well established that "[i]n a proceeding on a rule 1.540 motion, the court's final determination of whether to grant relief will inherently include a ruling on jurisdiction. This is different from most judicial acts but arises because of the unusual procedural status of rule 1.540, which exists to provide jurisdiction where otherwise there would be none." Miller v. Fortune Ins. Co., 484 So. 2d 1221, 1224 (Fla. 1986). Rule 1.540(b) allows a trial court to vacate a final judgment for only five limited grounds, "(1) mistake or excusable neglect, (2) newly discovered evidence, (3) fraud, (4) the subject final order is void, and (5) it is no longer equitable that the subject final order have prospective application." Sanchez, 285 So. 3d at 973. The trial court correctly recognized that an attempt to vacate a final judgment pursuant to 1.540(b)(1) after sixteen years would inherently frustrate the rule's purpose in finality of judgments and limiting a trial court's jurisdiction.

II.     Rule 1.540(b)(5)

The former husband also sought relief under subsection (5) of rule 1.540(b), which provides a trial court may vacate a judgment when "it is no longer equitable that the judgment, decree, or order should have prospective application. **The motion shall be filed within a reasonable time**, and for

6

reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken." (emphasis added).

"[R]ule 1.540(b)[(5)] requires such a motion to be brought 'within a reasonable time'" therefore, once the litigant knows the final judgment is no longer equitable, the litigant must move within a reasonable amount of time to vacate final judgment. Castro v. Sun 'N Lake of Sebring Improvement Dist., 334 So. 3d 663, 666–67 (Fla. 2d DCA 2021). "Rule 1.540(b)(5) was designed to provide 'extraordinary relief' in exceptional circumstances, and is to be narrowly construed. If a party had a chance to litigate the issue before, present a defense below and did not do so, courts are reluctant to set aside previously entered judgments. The circumstances addressed in category (5) all appear to address matters arising *after* the judgment, not circumstances present *before* the judgment." Pure H2O Biotechnologies, Inc. v. Mazziotti, 937 So. 2d 242, 245 (Fla. 4th DCA 2006) (emphasis added) (internal citations omitted).

We find no error in the trial court's determination that the former husband did not bring his amended motion to vacate under subsection (5) within a reasonable time. The former husband knew of the alleged mistake in 2004, yet did not seek resolution on his motion until 2020. Significantly, the former husband did not allege any new or changed post-judgment circumstances in

his written motion, nor does the record reveal any such circumstances.  Quite the opposite, the record reveals the former husband was aware of the alleged grounds raised within one year of the final judgment and failed to seek resolution on his motion for over sixteen years.  The former husband's motion to vacate also unequivocally provides he had a chance to litigate his survivorship benefits *before* judgment and these benefits were not new issues that arose *after* judgment.  As such, "[i]f the motion for relief from judgment was somehow based on rule 1.540(b)(5), the trial court properly denied relief."  Linares v. Bank of Am., N.A., 278 So. 3d 330, 332 n.5 (Fla. 3d DCA 2019).

Affirmed.