DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OFF LEASE ONLY LLC** f/k/a **OFF LEASE ONLY, INC.,**
Appellant,

v.

**FEDIA CHARISCAR,**
Appellee.

No. 4D21-3553

[November 2, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Corey Amanda Cawthon, Judge; L.T. Case No. COSO17-001917.

Ejola Christlieb Cook and Marissa X. Kaliman of Off Lease Only LLC, North Lauderdale, for appellant.

No appearance for appellee.

ARTAU, J.

Fedia Chariscar (buyer) sued Off Lease Only, Inc. (dealer), for allegedly violating both the Florida Consumer Protection Practices Act and the Florida Deceptive and Unfair Trade Practices Act. After dealer's counsel arrived twenty-five minutes late for an in-person case management conference, the trial court entered a default followed by entry of a default final judgment. We reverse because dealer filed a motion to vacate the judicial default two days after the default was entered and more than a month before the trial court entered a default judgment. In support of the motion, dealer's counsel asserted that traffic delays outside of her control caused her untimely appearance at the scheduled conference. In entering the default final judgment, the trial court acknowledged the pending motion to vacate, but noted that the motion "ha[d] not been set for hearing, nor ha[d] [dealer] moved forward on the motion." This was error.

"It was established long ago that a court may not enter a default judgment with an undisposed motion pending that would affect the plaintiff's right to proceed to judgment." *Singh v. Kumar*, 234 So. 3d 1, 3 (Fla. 4th DCA 2017); *see also Goodman v. Joffe*, 57 So. 3d 1001, 1001 (Fla.

4th DCA 2011) ("[T]he trial court should have ruled on [the defendant's] pending motion to vacate the default entered against her before entering a default final judgment.").

In *Vacation Escape, Inc. v. Michigan National Bank*, 735 So. 2d 528, 529 (Fla. 4th DCA 1999), we held that a trial court reversibly erred in entering a default final judgment without first determining the merits of a defendant's pending motion to set aside the default. *See also, e.g.*, *Cardiosonx Labs., Inc. v. Aguadilla Med. Servs., Inc.*, 100 So. 3d 285, 288 (Fla. 3d DCA 2012) (holding that trial court reversibly erred in refusing to hear pending motion to set aside default prior to entry of a default final judgment); *Lakeview Auto Sales v. Lott*, 753 So. 2d 723, 724 (Fla. 2d DCA 2000) ("A trial court may not enter a default judgment without first determining the merits of any pending motion to set aside the default.").

We therefore reverse the default final judgment and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

GERBER and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2