DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEDALYA BLATTER,**
Appellant,

v.

**D.N. SUYTE INC.,**
Appellee.

No. 4D22-2398

[May 3, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara Anne McCarthy, Judge; L.T. Case No. CACE22008764.

Lawrence R. Metsch of Metschlaw, P.A., Hollywood, for appellant.

Rafael M. Rojas, Key Biscayne, for appellee.

PER CURIAM.

Appellant Gedalya Blatter appeals the trial court's order entering final default judgment in favor of appellee D.N. Suyte Inc. After the clerk entered a default against appellant for not responding to the complaint, appellant filed a motion to vacate the default which appellee opposed. The trial court held a hearing on both appellee's motion for final default judgment and appellant's motion to vacate. The trial court granted appellee's motion and entered a final judgment in its favor that included an injunction against appellant.

This appeal followed. "We review the entry of a default final judgment for abuse of discretion." *Azure-Moore Invs. LLC v. Hoyen*, 300 So. 3d 1268, 1270 (Fla. 4th DCA 2020). However, because the issues presented here are issues of law they are subject to a de novo review. *McPhee v. The Paul Revere Life Ins. Co.*, 883 So. 2d 364, 367 (Fla. 4th DCA 2004).

"It was established long ago that a court may not enter a default judgment with an undisposed motion pending that would affect the plaintiff's right to proceed to judgment." *Singh v. Kumar*, 234 So. 3d 1, 3 (Fla. 4th DCA 2017); *see also Goodman v. Joffe*, 57 So. 3d 1001, 1001 (Fla.

4th DCA 2011) ("[T]he trial court should have ruled on [the defendant's] pending motion to vacate the default entered against her before entering a default final judgment."); *Lakeview Auto Sales v. Lott*, 753 So. 2d 723, 724 (Fla. 2d DCA 2000) ("A trial court may not enter a default judgment without first determining the merits of any pending motion to set aside the default.").

Here, a motion to vacate the default was filed prior to the court's entry of the default final judgment. However, the trial court granted the motion for final default judgment without addressing appellant's motion to vacate, and the record does not indicate the court ever specifically ruled on appellant's motion. As we have previously held, "[o]bviously a favorable determination by the court on appellant's motion to set aside the . . . default would have affected appellee's right to proceed with its motion for final default judgment." *Vacation Escape, Inc. v. Mich. Nat'l Bank*, 735 So. 2d 528, 529–30 (Fla. 4th DCA 1999) (finding the trial court reversibly erred in entering final default judgment without first determining the merits of a defendant's pending motion to set aside the default).

While the parties almost certainly addressed the motion to vacate at the hearing, and the order granting the entry of final default judgment indicates the appellant's arguments to vacate the default were rejected, our longstanding jurisprudence is clear that a ruling on such a motion is required, and we are compelled to follow it. *See, e.g.*, *Singh*, 234 So. 3d at 3. Therefore, the court erred as a matter of law when it issued the final default judgment without entering a ruling on the appellant's pending motion.

We reverse the default final judgment and remand for further proceedings consistent with this opinion. *See Off Lease Only LLC v. Chariscar*, 350 So. 3d 369, 370 (Fla. 4th DCA 2022).

*Reversed and remanded.*

KLINGENSMITH, C.J., DAMOORGIAN and LEVINE, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

2